# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOLORIA GANT,<br>Mother and Next Friend of D.G., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-1423 (RJL) |

## NOTICE OF FILING OF THE ADMINISTRATIVE RECORD

The Defendant, through counsel, respectfully submits the District of Columbia Public Schools' administrative record from the March 27, 2007, Hearing Officer's Determination at issue in this case. Consistent with LCvR 5.4(f), the Defendant has redacted personal information about the minor D.G., including his name, date of birth and Social Security Number.

The undersigned counsel has served a copy of the unredacted record on counsel for the Plaintiff, by U.S. mail, simultaneous with the filing of the redacted record with the Clerk through the e-filing system.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

December 26, 2007

*Gant v. District of Columbia*
Civil Action No. 07-1423 (RJL)

## INDEX OF RECORD

**Description**                                                                              **Page**

Certification of Record                                                          -        1

Hearing Officer's Determination, 3/27/07                                         -        2

Due Process Hearing Attendance Sheet, 3/26/07                                    -        5

DCPS Disclosure Statement with attachments, 3/19/07                              -        6

    DCPS-1 Due Process Complaint Disposition, 1/31/07                              -        8

    DCPS-2 Meeting Confirmation, 1/26/07                                             -        12

    DCPS-3 Individualized Education Program, 3/22/06                                 -        16

    DCPS-4 Multidisciplinary Team Meeting Notes, 2/27/07[1]   -        33

DG-1 Student's Disclosure Letter with attachments, 3/19/07                       -        34

    DG-2 Notice Compelling DCPS Witnesses, 3/19/07                                  -        37

    DG-3 Settlement Agreement, 12/18/06                                              -        38

    DG-4 Due Process Complaint Notice, 1/24/07                                       -        42

    DG-5 Hearing Notice, 3/1/07                                                      -        46

    DG-6 Letter from Tyrka to DCPS OMC, 1/19/07                                      -        47

    DG-7 Letter requesting access to student's records, 3/2/07   -        50

Petitioner's Motion for Entry of Default, 3/19/07                                -        54

    Ex. 1 DCPS Response to Due Process Complaint, 1/29/07   -        67

---

[1] DCPS-4 is not listed in the DCPS Disclosure Statement, but it is referenced in the Hearing Officer's Determination.

**Description**                                                              **Page**

Petitioner's Motion for Summary Judgment, 3/13/07                    -    70

    Ex. 1 Revised Final settlement Agreement, 12/18/06        -    73

    Ex. 2 Due Process Complaint Notice, 1/24/07               -    77

    Ex. 3 DCPS Response to Due Process Complaint, 1/29/07     -    81

Due Process Hearing Notice, 3/1/07                                  -    85

DCPS Response to Due Process Complaint, 1/29/07                     -    86

    Ex. 1 Letter of Invitation, 1/26/07                        -    88

Scheduling Memorandum, 1/24/07                                      -    89

Due Process Complaint Notice, 1/24/07                               -    91

Transcript of Hearing, 3/26/07                                      -    96, *et seq.*

# CERTIFICATION OF RECORD

### INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:        G▆▆▆, D▆▆▆▆ vs. Rock Creek Academy

Case Information:        Hearing Dates: **03/26/2007**
Held at: **District of Columbia Public Schools Headquarters**
        **825 N. Capitol Street, N.E.**
        **Washington, D.C. 20002**
Student Identification Number:  **9075426**
Student's Date of Birth:  ▆▆▆▆/1996
Attending School: **Rock Creek Academy**
Managing School:
Hearing Request Date(s): **01/24/2007**

## CERTIFICATION OF RECORD

   **I, Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

   I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Tuesday, October 30, 2007.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

1

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# ENFORCEMENT AND INVESTIGATION DIVISION

## SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

Seymour DuBow, Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
(202) 442-5432; (202) 442-5556 (fax)

## HEARING OFFICER'S DETERMINATION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| D███████ G███, student | ) | |
| Date of Birth: ██████96 | ) | |
| | ) | |
| Petitioner, | ) | DATE OF HEARING: |
| | ) | March 26, 2007 |
| v. | ) | |
| | ) | |
| The District of Columbia Public Schools | ) | Attending School: |
| | ) | Rock Creek Academy |
| | ) | |
| Respondent | ) | |

*2007 MAR 27 AM 10: 40*
*DC PUBLIC SCHOOL SYSTEM*

Counsel for Parent/Student:
**Douglas Tyrka, Esq.**
**1726 Connecticut Ave., N.W.**
**Washington, D.C. 20009**

Counsel for DCPS:
**Aaron Price, Esq.**
**825 N. Capitol Street, N.E.,**
**Washington, D.C. 20002**

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on March 26, 2007, at the request of Douglas Tyrka, counsel for the parent and the student. Aaron Price represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.     Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to comply with the December 18, 2006 Settlement Agreement?

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**DG-1-DG-7**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**DCPS-1-DCPS-4**

**FINDINGS OF FACT:**

1.     Counsel for the parties entered a settlement agreement of December 18, 2006, where the parties agreed to convene an MDT meeting to develop a compensatory education plan within 15 school days. (DG-3)

2.     On February 27, 2007 an MDT meeting convened at Rock Creek Academy to discuss and determine compensatory education. The MDT Notes indicate that the MDT team decided that compensatory education does not appear to be warranted at this time.(DCPS-4)

3.     The student is currently attending Rock Creek Academy.

3

**DISCUSSION AND CONCLUSIONS OF LAW:**

A review of the record shows that DCPS did not comply strictly with the time line in their agreement to convene an MDT meeting within 15 school days of the agreement to discuss compensatory education. The team did meet, however, over one month later and did discuss and determine that compensatory education was not warranted at that time. The student is attending Rock Creek Academy, a full-time special education program, since the signing of the agreement. This hearing officer is unable to find a denial of educational benefits in this case and thus there is no denial of a FAPE. Moreover, counsel for the parent has not met his burden of proof that even if there was a procedural violation in this case that it resulted in substantive harm. In *Kingsmore v. District of Columbia*, No. 05-7156, (September 29, 2006), The U.S. Court of Appeals for the District of Columbia has recently reiterated that procedural violations of IDEA that are harmless do not deny a FAPE.: "this Court joined the majority of other circuits in ruling that a claim based on a violation of IDEA's procedural requirements 'is viable only if those procedural violations affected the student's substantive rights.' *Lesesne v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) This Court denied relief to the plaintiff in *Lesesne* because she failed to demonstrate 'that [the student's] education was affected by any procedural violations DCPS might have committed.' *Id.* The *2004 Improvement Act* and its Regulation at *34 C.F.R. Section 300.513* requires that "In matters alleging a procedural violation, a hearing officer may find that a child did not receive a FAPE only if the procedural inadequacies -- (i) Impeded the child's right to a FAPE; (ii) Significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child; or (iii) Caused a deprivation of educational benefit." None of those conditions have been met here.

It is hereby **ORDERED** that:

**Since the MDT team did meet to discuss compensatory education, which is the relief requested by counsel for the parent, the case is DISMISSED.**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer              Date filed: March 27, 2007
Date Issued:

3

4

## ATTENDANCE SHEET

**STUDENT'S NAME:** _D███ G███_

**SCHOOL OF ATTENDANCE:** _Rock Creek Academy_

**D.O.B:** _███96_

**HEARING DATE:** _3/26/07_     **ROOM:** _8115_     **TIME:** _11:00_     (A.M)/P.M.

| PARTICIPANT NAME: | ON BEHALF OF DCPS OR STUDENT: | TITLE: |
|---|---|---|
| Aaron E. Price, Sr. Sce | DCPS | Attorney-Advisor |
| Douglas Tyrka | Student | Counsel for Petitioner |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_[signature]_
Impartial Hearing Officer

Revised 10/17/2006

5

 **DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
**825 North Capitol Street, N.E., 9th Floor**
 202-442-5000    Fax # 202-442-5098
 *www.k12.dc.us*

March 19, 2007

Douglas Tyrka
1726 Conn. Ave., NW, #400
Wash., DC 20009

## DISCLOSURE STATEMENT

## VIA FACSIMILE – 202-265-4564

**Subject: Due Process Hearing – G.███, D.████**
**DOB: ████/96**

Dear Mr. Tyrka:

At the upcoming due process hearing in the above-referenced matter, and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents:

**Witnesses**[1]
K. Plowden, Special Education Coordinator, or equivalent, or designee, RCA, Wash., DC, 202-378-1392
K. Grafton, or designee(s), LEA Representative, DCPS

At the hearing, DCPS may rely upon the following additional documents:

**Documents**
DCPS #1 -      Due Process Complaint Disposition Documents, dtd,1/31/07
DCPS #2 -      Mtg Confirmation, dtrd, 1/26/07
DCPS #3 -      IEP, dtd, 3/22/06

DCPS reserves the right to object to the testimony of any expert witnesses if a curriculum vitae and/or resume is not provided with the student's 5-day disclosure.

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case. Also, DCPS reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

---

[1] Witnesses may testify by telephone.

DCPS Office of the General Counsel
Page 2

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5564.

Sincerely,

Aaron E. Price, Sr., Esq.
Attorney-Advisor

cc: Student Hearing Office

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID) Special Education*
*Programs*



# Due Process Complaint Disposition

- This form should be used by the parties to notify the Student Hearing Office about important information concerning the outcome of the resolution meeting.
- Please return to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002, Fax number 202/442-5556.

**A.    STUDENT AND CASE INFORMATION:**

Student Name: D███████ G███ ▐▐▐ Birth Date: ████96

First              MI              Last

SHO Case Number: [          ]    (if applicable)

RECEIVED FEB 12 AM 8:90

**B.    PARENT / GUARDIAN:**

Name:  Toloria                                          Gant

First                                      Last

Complete Address:  1512 Queen Street, NE
Washington, DC  20002

Phone:  [          ]    [          ]    [          ]

Home        Work or alternative phone no.    Fax No. if applicable

**C.    LOCAL EDUCATION AGENCY REPRESENTATIVE:**

Full Name:  Kymberly    Grafton    Title: LEA, CRS

Address:  825 North Capitol Street, NE 6th Floor
Washington, DC  20002

Phone:  (202) 442-4800    (202) 442-5517

Office        Fax

1

SEID DRN  Rev'd. 6/14/05

The complaint has been resolved and the parties have reached agreement to the satisfaction of the parent / guardian. The due process complaint notice and the request for a due process hearing should be dismissed and withdrawn. The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed. The parties have agreed to wait at least 3 business days before filing this form with the Student Hearing Office.

__X__ The resolution session was unsuccessful. The case should proceed to a due process hearing.

_____ The resolution session was unsuccessful. The parties have agreed to try mediation.

_____ The parties mutually agree to waive the resolution session and request mediation and the assignment of a mediator to this case.

_____ The parties mutually agree to waive the resolution session and request that this case proceed to a due process hearing on the merits.

_____ The parent has failed to participate in a resolution meeting as required under the law. A due process hearing should not be scheduled until further notice

## J.    **Signature and Affirmation:**

I affirm that the information provided on this form is true and correct. I also affirm my receipt of the Procedural Safeguards Manual or I have waived my right to receive the Procedural Safeguards Manual.

_____    1/3/07
Signature of Parent/Guardian                Date

_____    1-31-07
Local Educational Agency Representative      Date

**Mail, fax or deliver this form to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

2

SEID DRN Rev'd. 6/14/05

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC     __DCPS CHARTER     __ LEA CHARTER     _x_ NONPUBLIC     ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: [          ]     Meeting Held: [ 1-31-07 ]

Student: D▇▇▇  G▇▇     DOB: [ ▇▇▇96 ]     [ Rock Creek Acad. ]

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Kymberly Grafton | *signature* | LEA/CRS |
| Toloria Gant | *signature* | Mother (via phone) |
| Sharon Millis | *signature* | Advocate |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

[  ] Resolved          [ X ] Unresolved

Introductions were made at the meeting. The parent's complaint is DCPS failed to comply with the Settlement Agreement dated, December 18, 2006, in which DCPS was to convene an MDT meeting on or before January 22, 2007 to develop an appropriate compensatory education plan for the student consistent with the terms of two prior Hearing Officer's Determinations dated, August 7, 2006 and November 9, 2006. The parent is requesting DCPS pay reasonable attorney's fees for today's resolution session. DCPS does not pay reasonable attorney's fees for resolution sessions.

DCPS proposes to convene an MDT meeting within 20 school days, in which comp ed is discussed and a comp ed plan is developed if necessary.

The parent rejected DCPS' proposal and will proceed to due process. This case is unresolved. The parent is willing to attend any appropriately scheduled meetings by DCPS.

1) � G___ ▒ QS 1/3/07

DCBS states that they will
convene an MDT & will be
held within 20 days to discuss
camped. DCBS did not
address the supplementary
camped plan. DCBS stated
they do not pay Attorney fees
DCBS did not address this issue
The Parent does not give up
his right to a DPH but will
cooperate with DCBS.

11-

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
**CONFIRMATION OF MEETING NOTICE**

Date: ___01/26/2007___

**Parent/Guardian Name:** ___Toloria Gant___          **Re:** ___G____ D____
**Street Address:** ___1521 Queen Street, NE___        **SCHOOL:** ___Rock creek Academy___
**City:** ___Washington___                              **ID NO:** ___9075426___
**State:** ___D.C.___  **Zip Code:** ___20002___        **DOB:** ___▓▓▓1996___

**Dear** ___Toloria Gant___

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. Your child's meeting is scheduled as follows:

**Date:** __1/26/2007__                    **Time:** ___                    **Place/Location:**

The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Invited participants are listed under MDT members.

**The purpose of this meeting is to:**

☒ **develop/review IEP(including consideration of extended school year (ESY) services)          ☒ **discuss CompEd

☒ **Review evaluation or revaluation information          ☒ discuss placement          ☒ *consider transition services needs

☒ develop the student evaluation plan (SEP)          ☒ determine manifestation          ☒ discuss quarterly review

☒ discuss documented levels of service          ☒ discuss eligibility          ☒ behavior plan review

☒ **review records to support the completion of services as follows:

   ☒ Graduated    ☒ Completed Services    ☒ Aged Out    ☒ Transferred Out of District          ☒ Dropped Out
   ☒ Other

**Placement will be discussed.

**MDT Members:**          ☒ Principal or Designee          ☒ General Education Teacher          ☒ Psychologist
                          ☒ Parent                         ☒ Special Education Teacher          ☒ Other
                          ☒ LEA Representative             ☒ Speech and Language
                          ☒ Student                        ☒ Social Worker

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate.

_____          _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact ___ at ___ (school telephone number).

Sincerely,

12

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**SPECIAL EDUCATION**
**MULTIDISCPLINARY TEAM**
**(MDT)**
**Meeting Notice**

**Student:** D█████ G███         **DOB:** ████1996     **Age:** 10 years , 2 months     **Grade:** 05     **ID:** 9075426

You have the right to challenge the recommendations by requesting Mediation or a Due Process Hearing before an impartial hearing officer. To initiate a mediation or hearing, you will need to complete a REQUEST FOR MEDIATION or DUE PROCESS HEARING form and mail it to the address listed below:

**Office of Mediation and Compliance D.C.**
Public Schools 825 North Capitol Street
N.E. 6th floor 202-442-4800

You have the right to be represented at the hearing by legal counsel. A copy of Parents Procedural Safeguards handbook is provided. A list of free or low cost legal service, for which you may qualify depending on your income, is included. If you would like an additional copy, please contact the principal.

## EVALUATION PROCEDURES, TESTS, RECORDS OR REPORTS USED

**Wechsler Intelligence Scale for Children-III (WISC III)** - commonly employed individually administered test designed to measure the intelligence of individuals ages 6 1/2 to 16 1/2 years.
Date of Report:

**Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years.
Date of Report:

**Wechsler Adult Intelligence Scale-III (WIAS III)** - an individually administered test designed to measure the intelligence of individuals ages 16 and over.
Date of Report:

**Bavlev Scales of Infant Developent-II** - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age.
Date of Report:

**Wechsler Individual Achievement Test (WIAT)** - a commonly used individually administered instrument designed to assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression.
Date of Report:

**Peabody Individual Achievement Test-REvised(PIAT-R)** - an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics.
Date of Report:

**Kaufman Test of Educational Achievement(KTEA)** - an individually administered test measuring achievement skills in reading decoding, mathematics applications, spelling, reading comprehension, and mathematics computation.
Date of Report:

**Woodcock-Johnson Psycho-Educational Battery** - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests.
Date of Report:

**Bender Visual Motor Gestalt Test** - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System.
Date of Report:

**Developmental Test of Visual Motor Integration(VMI)** - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format.
Date of Report:

13

■ **Children's Apperception Test** - a proje... story-telling technique for personality evaluation in ... 5 to 10 years.
    Date of Report:

■ **Thematic Apperception Test** - a projective story-telling technique for personality evaluation in older children and adolescents.
    Date of Report:

■ **House-Tree-Person** - a projective drawing technique providing insight into personality structure, physical concerns, and social-emotional adjustment in children and adolescents.
    Date of Report:

■ **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.
    Date of Report:

■ **Rorschach Psychodiagnostic Test** - a projective measure in which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older.
    Date of Report:

■ **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15.11 years.
    Date of Report:

■ **Conner's Parent and Teacher Rating Scales** - a paper and pencil instrument measuring problem behaviors of children and adolescents as reported by teh child's teacher, parents, or alternative caregiver.
    Date of Report:

■ **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competancy skills.
    Date of Report:

■ **Test of Language Development Primary - Revised(TOLD-P)** - measures primary language proficiency and spedific strengths and weaknesses in language skills.
    Date of Report:

■ **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential mental processes in four global areas: Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement.
    Date of Report:

■ **Preschool Language Scales** - measures auditory comprehension and verbal ability skills.
    Date of Report:

■ **Oral Peripheral Speech Examination** - a prcedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
    Date of Report:

■ **Clinical Evaluation of Language FUndamentals-III** - assesses the child's language functioning including processing and production.
    Date of Report:

■ **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary.
    Date of Report:

■ **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary.
    Date of Report:

■ **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts.
    Date of Report:

**Peabody Picture Vocabulary Test-Revised** - individually administered, multiple choice test measuring nonverbal, receptive vocabulary

14

■ Date of Report:

■ **Fisher-Logemann Test of aRticulation Competence.** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.
Date of Report:

■ **Classroom Observation** - assesses present functioning of the student within the classroom environment.
Date of Report:

Free or Low Cost Legal Services

Neighborhood Legal Services
701 4' Street, N.E.
Washington, D.C. 20001
202-682-2700(NW)
202-682-2732(NE)
Fax 202-682-0588

The Children's Law Center Inc.
1050 Connecticut Avenue, N.W.
Suite 1200 Washington Square
Washington, D.C. 20036-5317
202-467-4900
Fax 202-467-4949

Neighborhood Legal Services
1213 Good Hope Road, S.E.
Washington, D.C. 20020
202-678-2000
Fax 202-889-3374

University Legal Services
300 I Street N.E.
Washington, D.C. 20002
202-547-0198
Fax 202-547-2662

National Coalition for Students with Disabilities
10560 Main Street, Suite 417
Fairfax, VA 22030
703-267-6588
Fax 703-267-6992

15

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**
**INDIVIDUALIZED EDUCATIONAL PROGRAM**

## I. IDENTIFICATION INFORMATION

Student Name: Last _G___ First: _D___ MI: __
StudentID: _9075426_  Soc. Sec. No.: _____ Age: _10_ Grade: _05_
Gender: _M_ Date of Birth: ___/1996 Ethnic Group: _Black_
Address: _1521 Queen Street, NE, Washington, D.C. 20002_

☒ Non-attending

Attending School: _Rock creek Academy_  Home School: __
☒ Elem.  ☐ Mid/JHS  ☐ SHS  ☐ CWS
Parent: _Toloria Gant_

Address of: ☐ Parent  ☒ Guardian  ☒ Surrogate
_1521 Queen Street, NE, Washington, D.C. 20002_
Telephone: Home _202-388-8502_  Telephone: Work _703-929-6952_

### II. CURRENT INFORMATION

Date of IEP Meeting: _3/22/2006_
Date of Last IEP _11/12/2004_
Meeting:
Date of Most Recent _7/2/2003_
Eligibility Decision:
Purpose of IEP Conference:

☒ Initial IEP        ☐ Review of IEP
☒ Requested Eval   ☒ 3yr ReEval.

Indicate Level of Standardized Assessment:
ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)
☒ BEHAVIOR          ☒ ESY
☒ TRANSPORTATION    ☐ TRANSITION

### III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | Native Language | Oral N/A |
| Parent | English | English | English | Native Language | Rdg./Written Instrument |
| Home | English | English | English | Native Language | Date |

### IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd | SpEd | Total | FREQUENCY Hr./Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # | wks/mos |
|---|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | ☒ | ☒ | 26 | hr | W | Special Educator | 03/22/2006 | 11 | mos |
| Speech Therapy | ☒ | ☒ | 0.5 | hr | W | Speech Pathologist | 03/22/2006 | 11 | mos |
| Psychological Counseling | ☒ | ☒ | 1 | hr | W | Psychologist/Social Worker | 03/22/2006 | 11 | mos |

Total  27.5 Hours Per Week

### V. DISABILITY(IES) Emotional Disability

☒ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☒ 0-20%  ☐ 21-60%  ☒ 61-100%
Percent of time NOT in Regular Education Setting _100%_

### VI. IEP TEAM (Participants in the development of the IEP)  Print and sign your name below.

Ms. Page, IEP Coordinator _____ _____
Ms. McKenzie, Special Educator _____ _____
Ms. Kress, Clinical Therapist _____ _____
Ms.Haley, CCC-SLP _____ _____
Mrs. Hoffman-Peak _____ _____
Ms. Kepple, Special Educator _____ _____

☒ *I AGREE* with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of hte procedureal safeguards and parent rights pertaining to special education.

Parent/Guardian Signature_____   Date_____

## VII. PRESENT EDUCATIONAL PERFORMANCE LEVELS IN AREAS AFFECTED BY THE DISABILITY

**Academic Areas: (Evaluator)**Ms. Woldemichael/
**Math Strengths:**
D___ is able to add numbers with up to 5 digits while regrouping. He is able to recall basic addition and subtraction facts easily and knows some multiplication and divsion facts.
**Impact of disability on educational performance in general education curriculum:**
D___ has trouble staying on task. He often times does not complete his home work or his class work. He often forgets how to solve a problem using the correct method or it takes him a while to recall the steps to solve the problems.

**Reading Strengths:**
D___ decoding & spelling skills are above grade level. His fluency skills are on

**Score(s) When Available**
Math Cal. _89_ _2.8_
Math Rea. _93_ _2.8_
Date _2/21/2006_
Rdg. Com _90_ _2.6_
Rdg. Basic _107_ _4.8_
Written Ex. _98_ _3.6_
Date _2/21/2006_

DCPS 3

16

grade level.
**Impact of disability on educational performance in general education curriculum:**
D[redacted] distractability and impulsivity interferes with his learning.

---

**Communication (Speech & Language): (Evaluator)**
**Strengths:**
**Impact of disability on educational performance in general education curriculum:**

| Score(s) When Available | |
|---|---|
| Exp. Lang. | _77_ |
| Rec. Lang. | _Composite_ |
| Artic. | _wnl_ |
| Voice | _wnl_ |
| Fluency | _wnl_ |
| Exp. Voc. | _66_ |
| Rec. Voc. | _73_ |
| Date | _6/30/2003_ |

---

**Motor/Health: (Evaluator)**
**Strengths:**
**Impact of disability on educational performance in general education curriculum:**

**Score(s) When Available**
— —
— —
Date __

---

**Social Emotional Behavioral Areas: (Evaluator)**
**Strengths:**
D[redacted] is able to actively work on his ability to focus. He comes to therapy ready to work.
**Impact of disability on educational performance in general education curriculum:**
D[redacted] struggles with being able to focus due to his ADHD diagnosis and follow instructions. His attendance is poor and that has also impacted hos social emotional growth.

**Score(s) When Available**
— —
— —
Date __

---

**Cognitive/Adaptive Behavior: (Evaluator)**
**Strengths:**
**Impact of disability on educational performance in general education curriculum:**

**Score(s) When Available**
— —
— —
Date __

---

**Prevocational Skills: (Evaluator)**
**Strengths:**
**Impact of disability on educational performance in general education curriculum:**

**Score(s) When Available**
— —
— —
Date __

---

**VIII. SPECIALIZED SERVICES**

Goal Number: _1_
Area Addressed By Goal: _Math_

**ANNUAL GOAL: (including mastery criteria)**
D[redacted] will progress in the area of mathematics by exhibiting one year's growth as measured through formal and informal assessments.
**Provider(s):** Special education teacher
☒ Portfolio  ☒ Log  ☒ Chart  ☒ Test  ☒ Documented Observation  ☒ Report  ☒ Other

---

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given applied problems and/or word problems D[redacted] will identify the way to solve the problem, the operation to use, and be able to solve it with 80% accuracy.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 subtraction problems with up to 5 digit minuends and subtrahends and multiple re-groupings, D[redacted] will solve 8 out of 10 problems on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 multiplication problems with up to 3 digits in the multiplicand and 2 digits in the multiplier and regrouping, D[redacted] will correctly solve 8 out of 10 problems on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 division problems with a 3 digit dividend and 2 digit divisor, with and without a remainder, D[redacted] will solve with

17

80% accuracy on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 addition and subtraction fraction problems consisting of fractions with like denominators, D██████ will solve them with 80% accuracy on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 addition and subtraction fraction problems consisting of fractions with unlike denominators, D██████ will solve them with 80% accuracy on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 multiplication and division fraction problems, D██████ will solve with 80% accuracy on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given 10 word problems consisting of finding the area and perimeter, D██████ will solve with 80% accuracy on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given a digital or analog clock, D██████ will tell time to the minute on 4 out of 5 trials.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
Given a "real life" sitution or problems to complete, D██████ will add and subtract decimals and money with 80% accuracy.
**Date Mastered:  Evaluation Schedule:** __

https://www.e-ieppro2.com/RCA/IEPDesigner/PrintIEPSelections.asp?ID=396                     1/29/2007

**VIII. SPECIALIZED SERVICES**

---

Goal Number: _1_

**ANNUAL GOAL: (including mastery criteria)**          **Area Addressed By Goal:** _Psychological Services_
D▇▇▇ will improve his on task behaviors with 80% mastery of the following objectives.
**Provider(s):** Social Worker/Counselor/Psychologist

☒ Portfolio   ☒ Log   ☒ Chart   ☒ Test   ☒ Documented Observation   ☒ Report   ☒ Other Quarterly Progress Reports

---

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D▇▇▇ will be able to identify what triggers in himself and his environment contribute to him looksing focus three out of four times.
**Date Mastered:  Evaluation Schedule:**  _Quarterly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D▇▇▇ will increase the amount of time he is able to focus by increments of five minutes (5...10...15).
**Date Mastered:  Evaluation Schedule:**  _Quarterly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D▇▇▇ will decrease his disruptive behaviors, ie. making noises, singing, in three out of four trails.
**Date Mastered:  Evaluation Schedule:**  _Quarterly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D▇▇▇ will use the school wide point system to reduce the frequency of off task behaviors three out of four times.
**Date Mastered:  Evaluation Schedule:**  _Quarterly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D▇▇▇ will learn and apply three new techniques to use when he is off task in order to reagain focus three out of four times.
**Date Mastered:  Evaluation Schedule:**  _Quarterly_

19

**VIII. SPECIALIZED SERVICES**

Goal Number: __2__

**ANNUAL GOAL: (including mastery criteria)**      **Area Addressed By Goal:** __Psychological Services__
**Provider(s):** Social Worker/Counselor/Psychologist

☒ Portfolio  ☒ Log  ☒ Chart  ☒ Test  ☒ Documented Observation    ☒ Report  ☒ Other Quarterly Progress Reports

**VIII. SPECIALIZED SERVICES**

Goal Number: _1_

**ANNUAL GOAL: (including mastery criteria)**                Area Addressed By Goal:  _Reading_
D███ will demostrate nine months improvement in reading skills as measured by the Woodcock-Johnson III assessment.
**Provider(s):**

☒ Portfolio  ☒ Log  ☒ Chart  ☒ Test  ☒ Documented Observation  ☒ Report  ☒ Other

---

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
After reading a story, D██████ will identify the cause and effect of actions in the story in 4 out of 5 trials as measured by class assignments, teacher observations and quizes.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
After reading a passage, ██████will identify the main idea in 4 out of 5 trials as measured by teacher observations, class work and quizzes.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
While reading a story, ██████ will make logical predictions 80% of the time as measured by teacher observations, class assignments and quizes.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
After reading a story, ██████ will sequence events of the story in 4 out of 5 trials as measured by teacher observations, class assignments and quizes.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
When reading ██████will identify the meaning of prefixes and suffexes to help uncover the meaning of the word in 4 out of 5 trials as measured by teacher observation, class assignments and quizes.
**Date Mastered:  Evaluation Schedule:** _Monthly_

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
██████ will use resource material to find answers to his questions on a given subject with 80% accuracy as meaured by teacher observations and class work.
**Date Mastered:  Evaluation Schedule:** _Monthly_

---

**VIII. SPECIALIZED SERVICES**

Goal Number: _1_

**ANNUAL GOAL: (including mastery criteria)**                Area Addressed By Goal: _Speech/Language_

██████will improve his receptive and expressive language skills with 80% accuracy.
**Provider(s):** Speech Language Pathologist

☒ Portfolio  ☒ Log  ☒ Chart  ☒ Test  ☒ Documented Observation  ☒ Report  ☒ Other

---

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D█████will understand linguistic concepts including same, less, fewer, half, instead, rather, if...then in 8 out of 10 trials.

D█████ will be able to use curriculum vocabulary words in sentence.

D████ will be able to complete sentences with appropriate word or words.

21

D███ will be able to name opposites.

D███ will be able to compare and contrast curriculum words and concepts.

D███ will understand quantitative and qualitative concepts including same, less fewer and half.

D███ will be able to define curriculum based vocabulary words.

D███ will be able to use curriculum vocabulary words in sentence.

D███ will be able to complete sentences with appropriate word or words.

D███ will be able to name opposites.

D███ will be able to compare and contrast curriculum words and concepts.

D███will understand quantitative and qualitative concepts including same, less fewer and half.

D███ will be able to define curriculum based vocabulary words.

D███ will be able to use curriculum vocabulary words in sentence.

D███ will be able to complete sentences with appropriate word or words.

D███ will be able to name opposites.

D███will be able to compare and contrast curriculum words and concepts.

D███will understand quantitive and qualitative concepts including same, less, fewer and half in 8 out of 10 trials.

**Date Mastered:  Evaluation Schedule:**  Monthly

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D███ will be able to define curriculum based vocabulary words including homonyms, homophones, synonyms and analogies in 8 out of 10 trials.
**Date Mastered:  Evaluation Schedule:**  Monthly

22

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D█████ will be able to use curriculum based vocabulary words in sentences in 8 out of 10 trials.
**Date Mastered:  Evaluation Schedule:**   Monthly

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D█████ will be able to complete sentences with appropriate word or phrase in 8 out of 10 trials.
**Date Mastered:  Evaluation Schedule:**   Monthly

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
D█████ will be able to paraphrase a short narratives into 3 part sequences using the words denoting temporality such as after, druing, then , before, in 8 out of 10 trials.
**Date Mastered:  Evaluation Schedule:** ___

23

## VIII. SPECIALIZED SERVICES

Goal Number: __1__

**ANNUAL GOAL: (including mastery criteria)**    Area Addressed By Goal: __Written Language__
D██████ will demonstrate one year of progress in written language as measured by the Woodcock-Johnson III assessment.
**Provider(s):** Special Education Teacher

☒ Portfolio    ☒ Log    ☒ Chart    ☒ Test    ☒ Documented Observation    ☒ Report    ☒ Other

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
When Writing, D██████ will write complete sentences by begining with a capital letter and ending with a pucuation in 4 out of 5 trials as demonstrated student's class assignments, homework and tests.
**Date Mastered:    Evaluation Schedule:** __Monthly__

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
After writing D██████ will proof and revise work 80% of the time as demonstrated by class assignments homework and tests.
**Date Mastered:    Evaluation Schedule:** __Monthly__

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
When writing, D██████ will correctly write contractions with 80% accuracy as measured by teacher observations, class assignments and quizzes.
**Date Mastered:    Evaluation Schedule:** __Monthly__

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
When writing, D██████ will include time ordered words (after, during, then) 80% of the time as demostrated by class work.
**Date Mastered:    Evaluation Schedule:** __Monthly__

**SHORT-TERM OBJECTIVE: (including mastery criteria or benchmarks)**
When writing a paragraph, D██████ will write topic sentence with and supporting sentences in 4 out of 5 trials as measured by teacher observations, class assignments and quizzes.
**Date Mastered:    Evaluation Schedule:** __Monthly__

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINITATION
## SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in <u>regular education?</u>  ⊗ Yes

⊗ No

Explanation for removal out of regular education classroom.
D██████ needs cannot be met in a general ed setting due to the severity of disability.

## X. SUPPLEMENTAL AIDS AND SERVICES

| CLASSROOM NEEDS (Do not name products or companies.) | SETTING | | | FREQUENCY | | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | GenEd | SpEd | Total | Hr.Min | D/W/M | | |
| | | | | | | | |

Check and list modifications and/or accommodations for <u>testing:</u> ☒ **None Needed**

| | |
|---|---|
| Timing/Scheduling: | Extended Time |
| Setting: | Small Group setting |
| Presentation: | Repeated directions |
| Response: | |
| Equipment: | |

## XI. STATE AND DISTRICT ASSESSMENTS

☒ **Level I** Tested with non-disabled peers under standard conditions without accommodations.

☒ **Level II** (Describe accommodations for level II) Tested under standard conditions with special accommodations.

☑ **Level III** (Describe non-uniform conditions for levelII) Tested under non-standard conditions with permissible accommodations.

☒ **Level IV** (Describe the alternative assessment)

☒ **Level V** Portfolio:

## XII. AREAS REQUIRING SPECIALIZED INSTRUCTION AND RELATED SERVICES:

☒ Reading                 ☒ Physical                ☒ Transition              ☒ Language Arts/English
☒ Mathmatics              ☒ Social Emotional        ☒ Vocational              ☒ Social Sciences
☒ Written Expression      ☒ Physical Development    ☒ Independent Living      ☒ Biolocial & Physical Science
☒ Other                                             ☒ Speech/Language         ☒ FineArts
☒ None      Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| General Ed _ | ⊙ Accept  ⊙ Reject | Continued School Failure |
| Combination general ed/sped | ⊙ Accept  ⊙ Reject | Continued School Failure |
| Out of general ed | ⊙ Accept  ⊙ Reject | Impact on self-esteem |

**Modifications(s)/Accommodation(s) to address the harmful effects:**
Harmful effects will be addressed in weekly counseling sessions.
**Location for Services:** Rock Creek Academy

## DOCUMENTED LEVEL OF SERVICE (PERM)
### Complete and attach to MDT/IEP meeting notes

School: _Rock Creek Academy_   Principal: _Semanthe Bright_   Special Education Coordinator: _A. Page_
Date: _3/22/2006_   Case Manager: __   Technical Support Supervisor: __
Student: _Gant, Da____   DOB: ___/1996   Age: __10__   Grade: _05_   ID#: _9075426_   SSN#: _____
Parent: _Toloria Gant_   Telephone (H): _202-388-8502_   Telephone (W): _703-929-6952_
Address: _1521 Queen Street, NE, Washington, D.C. 20002_
REFERRAL SOURCE: (Check)   ◉ 120 Day   ◉ Reeval   ◉ HOD   ◉ SA   ◉ MA   ◉ Nonpublic
◉ Residential   ◉ Citywide   ◉ Courts   ◉ Local School   ◉ Other ___
Previous least restrictive environment (LRE Setting): _Out of General Education_

## JUSTIFICATION FOR SETTING CONSIDERATION
### (Submit TAT/MDT Documentation)
**SUPPORTIVE DATA/DOCUMENTATION**

| 2. ACCOMMODATIONS/MODIFICATIONS | 3. DATA REQUIREMENTS | |
|---|---|---|
| Small group setting, extended time, and repeated directions | Current IEP | ◉ Yes ◉ No |
| | Signatures of required participants (MDT Only) | ◼ Yes |
| | Intervention Behavior Plan | ◼ Yes |
| | Copies of current class work and homework assignments | ◼ Yes |
| | Medical Reports | ◉ Yes ◉ No |
| | Clinical Reports | ◉ Yes ◉ No |
| | Psychiatric Reports | ◉ Yes ◉ No |
| | Medications | ◉ Yes ◉ No |
| | Attendance Record | ◼ Yes |
| | Copies of most recent evaluation(s) | ◼ Yes |
| 4. Results of all interventions: (TAT, MDT, etc. and attach meeting notes) | 5. Resources needed for program implementation | |
| See IEP meeting notes. | N/A | |

## 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | ◼ in general education classroom setting | ◼ general educators with consultation from special education staff | ◼ between 0% and 20% of service time |
| 2 | ◼ combination general education and resource classroom | ◼ combination of general educators, special educators and related service providers | ◼ between 21% and 60% of service time |
| 3 | ◼ *out of general education classroom | ◼ special educators and related service providers | ◼ between 61% and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and the services and activies, each public agency shall ensure that each child with a disability participates with non-disabled children in those services and activies (300.306) to the maximum extent appropriate to the needs of that child (300.553) Nonacademic settings)

Check the level of need as indicated:
**DIRECTIONS:**

| If two or three boxes are checked in the Row 1, check LOW If two or three boxes are checked in the Row 2, check MODERATE If two or three boxes are checked in the Row 3, check HIGH | If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student. |
|---|---|

### 7. LEVEL OF NEED

| ◉ LOW | ◉ MODERATE | ◉ HIGH |
|---|---|---|

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| IEP Attachment B Transportation |
|---|

**TRANSPORTATION DIVISION**
**STUDENT TRANSPORTATION**
**DATA FORM**

(MDT must first determine if student meets the requirements for transportation services and has it included in the IEP
Person Making Request: _A. Page_
Date of Request: _3/22/2006_
Status of Request: ___
Date Request Received: ___
Person Receiving Request: ___

_2005-2006_
**School Year**

_9075426_

**STUDENT IDENTIFICATION NUMBER**

| Gant | Da____ | |
|---|---|---|
| Student Last Name | First Name | MI |

**26**

<table>
<tr><td>

Toloria Gant
Parent / Guardian (Print legibly or type)

202-388-8502
Telephone (H)

703-929-6952
Telephone (W)

Theresa Hart
Emergency Contact

aunt
Relationship

202-610-0977
Telephone No.

202-396-7894
Page/Cell No.

Students will be taken to a central location until 6:00 p.m. If the bus attendants are unable to deliver them to the designated location. After 6:00 p.m. the police will be contacted. This year's central location is ____

</td></tr>
</table>

1521 Queen Street, NE
**Address**
Washington                                    D.C.              20002
**City**                                      **State**         **Zip Code**
_____1996    M    English    Rock Creek Academy, Inc. (202) 378-1400
**DOB**      **Gender** **Primary Language**  **Submitting School and Telephone Number**
Emotional Disability
**Disability Classification**        **Medical Issues**
**MODE OF TRANSPORTATION** ☑ *Bus ☑ Tokens ☑ Farecards
***SPECIAL ACCOMMODATIONS FOR BUS***
**Height** ____ **Weight** ____

☑ Oxygen  ☑ Tracheotomy Tube  ☑ Seizures  ☑ Helmet

☑ Harness  ☑ 1:1 Aide  ☑ Behavioral Issue ____
**Medication** ____ **Specific Allergies** ____
**Dosage Required during transporation:**
⊙ Yes  ◎ No     **Dosage** ⊙ PM  ◎ AM

☑ Mobility     Ambulatory ( ☑ Cane,  ☐ Crutch,  ☑ Walker)

☑ Ambulatory w/ assistance ( ☑ Cane,  ☐ Crutch,  ☑ Walker)

☑ Non Ambulatory ( ☑ Standard,  ☑ Motorized,

☑ Oversized w/lap tray ⊙ Yes  ◎ No )

☑ Car Seat              ☑ Positioning Device

☑ Special Restraint     ☑ Other, Describe: ____

**Click one of the following:**

☑ **AM Pick-up & Drop-off is the same as the student address.**

☑ **AM Pick-up Address:** ____ **Phone:** ____

☑ **PM Pick-up Address:** ____ **Phone:** ____

---

**Transportation will NOT be provided without confirmed placement through the proper procedures. Justification for other than neighborhood settings must be explained on the back by the shcool oficial requesting the transportation service.**

---

Arvette D. Page                          202-378-1400                                    3/22/2006
**School Official requesting transportation service:**  **Telephone No.**                **Date**
Rock Creek Academy                       4401 Connecticut Ave., Washington, DC 20008     202-378-1400
**School to Attend:**                    **Address of School**                          **Telephone No.**

**Questions may be directed to the Special Education Transportation Liaison.**

**Date Developed:** ____

## DCPS TRANSITION SERVICES PLAN

---

**Note:** The MDT determines if the IEP must include a statement of transition service needs which focuses on the Courses of study if the student will turn 14 during the implementation of the IEP. Furthermore, the MDT must include a detailed transition plan for a student who will turn 16 during the implementation of the IEP.

**I. *Record student's post-secondary goals and interests.***
                        **Employment:** ____
        **Community Participation:** ____
**Post-Secondary Education and Training:** ____
        **Independent Living:** ____

**II. *Courses of study leading to student's post-high school goals***

| Grade of School Year | Courses of Study |
|---|---|
|  |  |

**III. *Transition Services Needed.***
*Evaluate the student's present level of performance in the following areas: Academic, Career Courses, Community-based Training, Supported or Competitive Employment, Communicaiton, Independent Living Skills, Community Travel, Transportation, Employability Skills, Social Skills, Community Resources, Educational, Financial, Career Training, Community-Based Instruction, Skill/Trade Training, Vocational, or Social Relationships.*

| Transition Services | Coordinated Activities and Strategies | Agency Responsible |
|---|---|---|
| Employment |  |  |

27

| | | |
|---|---|---|
| If service is not needed provide explanation. | | |
| Community Participation<br><br>If service is not needed provide explanation. | | |
| Post - Secondary Education and Training<br><br>If service is not needed provide explanation. | | |
| Independent Living<br><br>If service is not needed provide explanation. | | |
| Daily Living Skills<br><br>If service is not needed provide explanation. | | |
| Functional Vocational Evaluation<br><br>If service is not needed provide explanation. | | |
| Other | | |

| State Test Requirements | Area | Date Taken | Score Received |
|---|---|---|---|
| | | | |

**IV.**

| Projected Exit Category (check one) | High School Diploma Status | Projected Exit Date |
|---|---|---|
| ▓ DC High School Diploma | # Credits Earned toward graduation | |
| ▓ High School Certificate at age 21" | | |
| ▓ High School Certificate prior to age 21 | # Community Service Hours Completed | |

**V.** *Identify any other agencies likely to be responsible for providing or paying for specific transition services.*
   Examples of Agency Linkages Needed for Transition
   - Rehabilitation Services Administration (RSA)
   - Mental Retardation and Developmental Disabilities Administration (MRDDA)
   - Commission on Mental Health Services (CMES)
   - UDC or other higher education Institutions

| Agency | Agency Representative | Telephone Number | Purpose of Contact | Date |
|---|---|---|---|---|

**District of Columbia Public Schools**
**Washington, D.C.**

### INTERVENTION BEHAVIOR PLAN          Date Developed

Student Name: __G___, D____ __ ID#: __9075426__ DOB: _____1996__ Grade: __05__
Address: _1521 Queen Street, NE, Washington, D.C.  20002_
Telephone (H): __202-388-8502__ (W): __703-929-6952__ Counselor: ___
Attending School: __Rock creek Academy__ Teacher: ___ Room: ___ Section: ___
TARGETED BEHAVIOR(S): Additional Comments:

POSITVE INTERVENTION STRATEGIES: Student Objective

Implementation Description:

POSITIVE INTERVENTION STRATEGIES: Teacher Strategies

MONITERING SYSTEM: Responsible Teacher
Describe System:
Data Collection Timeline:

FOLLOW-UP MEETING:

**District of Columbia Public Schools**
**Washington, D.C.**
**Division of Special Education**
**FUNCTIONAL BEHAVIORAL ASSESSMENT**

Student: __G___, D____ DOB: _____1996__ Date:
School: __Rock Creek Academy, Inc.__ Grade: __05__ Special Ed Coordinator: _____

Describe and Verify the Seriousness of the Problem

Duration ___        Frequency ___        Intensity ___

Identify specific characteristics of the behavior that is interfering with learing.

Collect information on: Time when the behavior does/does not occur, Location of behavior, Conditions when the behavior does/does not occur, Individuals present (when most/least likely to occur); Events or conditions that typically occur before the behavior; Events or conditions that typically occur after the behavior; Common setting events; Other behaviors that are associated with the problem behavior.

What environmental conditions may affect the behavior?

What does the student view as positive reinforcement?

What interventions were previously attempted, and what were the results?

☒ **Direct Assessment**
   ☒ Scatterplots  ☒ ABC Charts  ☒ Rating Rubic  ☒ Amount versus quality of behavior
☒ **Indirect Assessment**
   ☒ Interviews  ☒ Questionnaires  ☒ Surveys

**29**

Analyze information using triangulation and/or problem pathway analysis.

**Generate a hypothesis statement regarding probable function of problem behavior.**
**Test the hypothesis statement regarding the function of the problem behavior.**

30

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**DIVISION OF SPECIAL EDUCATION**
**825 North Capital Street, NE 6th Floor**
**WASHINGTON, D.C. 20002-4232**

<u>**Caring for Our Students with Disabilities**</u>
<u>**A Procedural Manual for Parents**</u>

**RECEIPT**

I,_____ received a copy of *A Procedural*
     (Parent/Guardian Name)

*Manual for Parents* from _____ / Title
_____
                    (Person Issuing Document)

at ___Rock Creek Academy, Inc.___ .

_____
                    (Date)

_____
          Parent/Guardian Signature

STRICT OF COLUMBIA PUBLIC SCHO
WASHINGTON, D.C.

DCPS-4

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

**MDT REFERRAL DATE:**
**STUDENT:** G____ D____   **SCHOOL:** Rock Creek Academy   **MEETING DATE:** 2/27/2007

**PARTICIPANTS**            PARTICIPANTS: (Sign Name)
Sharon Millis
Sherrie Waul
Ms. Long
Ms. Haley
Ms. Kress
Ms. Page

**POSITION**
Educational Advocate
DCPS-LEA Monitor
Special Educator
Speech Pathologist
Clinical Therapist
IEP Coordinator

The purpose of today's meeting is to update D____ IEP, discuss progress, and determine if comp ed. is due. DCPS was in attendance. A SEP will be devised for clinical and speech language evaluation.

**Ms. Haley, CCC-SLP:** He is a very bright young man. Some of things that he can focus on and accomplish are advance for his age group, especially when he is interested in the task at hand, but then there are times he can be invasive about doing work or pick and choose what he wants to do. With the up's and down's with his approach to learning impacts him mastering his goals. He needs to stay with the things that he is working on so he can master them and move on. Overall he is good in the therapy sessions, but there are days when he not interested, he is just not interested. D____ doesn't like to do things that have unit complexity. He enjoys things that are broken down. When his motivation is good it is absolutely superb, but this last quarter he has been doing very well. Currently, he receives .5 hr per/wk of speech therapy. Ms. Haley feels that he will master his vocabulary goal this quarter, and then his focus will be on analogies. D____ has the ability to use vocabulary words in sentences, but sometimes he seems he doesn't like to switch off on different task. Ms. Haley would like for him to have a new speech language evaluation.

**Ms. Long, Special Educator:** Teaches D____ reading and he is progressing toward his goals, but he does just enough to get by and he's not allowing himself to work toward his potential. He is allowing negative behaviors interfere with his work progress. Most of the time he needs prompts and redirection. There are times he has to restart an activity in order to be successful. This isn't all of the time it really depends on the mood he is in. D____ doesn't avoid reading class, but when he has to write he will just do enough to get by.

**Ms. Woldemichael, Math Teacher:** Devise detail narrative. Please see attached narrative.

**Ms. Kress, Clinical Therapist:** Ms. Kress is not recommending a change in his hours, and he is paired with another student that he works well with. Ms. Kress keeps in touch with Ms. Woldemichael to make sure D____ is using the strategies to benefit.

The advocate wants to come back to the for D____ and it needs to be explored a little further, however it is DCPS position that compensatory education is not owed. Per Hillary Hoffman Peak comp. ed. is not due and it was discussed at the last meeting on 3/22/2006. Please see meeting notes from 3/22/2006.

Comp ed. was discussed at last meeting and doesn't appear to be warranted at this time.

____ is a student that still requires special education services and he will receive .5 hr per/wk, 1 hr per/wk of clinical therapy, and 26.0 hrs per/wk of specialized instruction. Testing Level: II and accommodations: Periodic breaks, small group setting, and extra response time.

E PARENT ☑ IS PRESENT ☑ IS NOT PRESENT AT THE MEETING
TER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT ____ G____ D____
CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION
IS TO BE EXITED FROM SPECIAL EDUCATION

33

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264 ♦

**March 19, 2007**

Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232
By Fax:  202-442-5097/5098

RE:   D████ G███ (D.O.B. ████96)

Attorney-Advisor:

A hearing has been scheduled for **11:00 a.m. on March 26, 2007,** to adjudicate a due process complaint filed on behalf of the above-captioned student, D████ G███.  In addition to any documents and witnesses disclosed by DCPS, the parent reserves the right to rely on the following witnesses and documents, as well as any other documents previously disclosed or offered into evidence in any other matter concerning this student.

Documents:

1. 03/19/07   Disclosure Letter
2. 03/19/07   Notice Compelling DCPS Witness(es)

**Administrative Record**

3. 12/18/06   Settlement Agreement
4. 01/24/07   Due Process Complaint Notice
5. 03/01/07   Hearing Notice

**Correspondence**

6. 01/19/07   Letter, Tyrka & Associates, LLC to DCPS Office of Mediation and Compliance
7. 03/02/07   Request for Access to Student Records

Witnesses:[1]

1. Ms. Toloria Gant, Parent; 1512 Queen Street NE, Washington, DC 20002; 202-388-8502
2. Ms. Sharon Millis, Special Education Advocate & Expert; Tyrka & Associates, LLC
3. Mr. Keith Coyle, Associate; Tyrka & Associates, LLC

---

[1] Some witnesses may be testifying by telephone and/or use a designee.  The address and phone numbers for all employees or agents of Tyrka & Associates can be found in the letterhead for this correspondence.

**D64**

4.  Mr. Zachary Nahass, Associate; Tyrka & Associates, LLC
5.  Ms. Camille McKenzie, Office Assistant; Tyrka & Associates, LLC
6.  Mr. Michael Tchorni, Law Clerk; Tyrka & Associates, LLC

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

2

35

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 03/19/2006 05:17
                                    NAME  : TYRKA & ASSOCIATES
                                    FAX   : 2022654264
                                    TEL   : 2022654260
                                    SER.# : 000A6J693992


DATE,TIME            03/19  05:12
FAX NO./NAME         2024425097
DURATION             00:04:39
PAGE(S)              20
RESULT               OK
MODE                 STANDARD
                     ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264 ♦

**Recipient:**      OGC

**Fax Number:**

**From:**           Douglas Tyrka

**Regarding:**      D███████ G████

**# of pages:**     20

**Notes:**          DISCLOSURES

36



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

March 19, 2007

Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232

RE:    D█████ G███ (D.O.B. █████96)

Attorney-Advisor:

Pursuant to 34 C.F.R. § 300.509(a)(2) and D.C. Mun. Regs. tit. 5 § 3031.1(b), Petitioner hereby compels the following necessary and material witnesses:

1. Any DCPS employee and/or agent who has drafted notes of any meeting or telephone conversation, which DCPS intends to submit as evidence at this hearing.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

**DG27**

12/19/2006  10:46    2022654264    TYRKA & ASSOCIATES    PAGE  01/04



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*From*

*Recipient:*    Quinne Harris-Lindsey

*Fax Number:*   202-442-5098/5097

*To*

*From:*    Douglas Tyrka

*Regarding:*    D████, G███

*# of pages:*    4

*Notes:*    Revised Final Settlement Agreement

Quinne:

Per our discussion on Friday, December 15, 2006, I have revised this settlement agreement to include a fifteen (15) school day timeline for convening the multidisciplinary team ("MDT") meeting.

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

DG3 38

12/18/2006  10:45    20  54264                    TYRKA & ASSOCI    ?                    PAGE  82/84
01-Dec-2006 04:54 PM DCPS Office of General Counsel 2024425098                           2/4



DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capital Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

December 1, 2006

Douglas Tyrka
Tyrka & Associates, L.L.C.
1726 Connecticut Ave., N.W.
Suite 400
Washington, D.C. 2009

PROPOSED SETTLEMENT/10-Day Letter

VIA FACSIMILE 202/265-4264

Subject: Due Process Hearing for D█████ G███
DOB: █████96
Attending School: Rock Creek Academy

This letter constitutes an offer of settlement for the above-referenced matter.

By your signature below, you agree to the following terms:

In lieu of the formal Due Process Hearing in the above-referenced matter, the request for which was dated November 16, 2006, the parties to this action, District of Columbia Public Schools (hereinafter "DCPS"), and Parent or Parent's representative (hereinafter "Parent") agree to resolve this matter under the terms and conditions set forth herein. The underlying hearing request was received on November 16, 2006, pursuant to the Individuals with Disabilities Education Act of 2004, 20 U.S.C. §§ 1400 et seq.; proposed regulations cited in 34 CFR §§300 et seq.; DCMR §§ 3000 et. seq., as amended by emergency legislation on July 1, 2005. The parties have agreed to the following terms and conditions:

1. Parent represents that the student is a resident of the District of Columbia, has established residency, and has been registered as attending or non-attending at his/her local school. If DCPS becomes aware subsequent to the execution of this Settlement Agreement that residency and/or registration has not been completed and/or established then any obligations undertaken by DCPS pursuant to this Settlement Agreement will be terminated, and DCPS shall retain the right to seek relief for any benefit conferred based upon false representations of residency and/or registration.

2. Parent represents that the student's date of birth is November 19, 1996, that the attending school is Rock Creek Academy.

3. Parent agrees to cooperate fully with DCPS in the implementation of the terms of this Settlement Agreement. Any delay caused by the student, parent, advocate, counsel, or other representative of Parent or the student, as it pertains to testing, meeting dates, or other compliance with the terms of this Settlement Agreement will toll any deadlines herein by one day for each day of delay. DCPS further retains the right to take necessary action, consistent with IDEA, to ensure the continued delivery of a free appropriate public education for the student to the extent the delivery of such free appropriate public education may be impeded by delay caused by the student, parent, advocate, counsel, or other representative of Parent or the student.

4. To the extent that the action described herein has not occurred, or the relief sought in the Due Process Hearing Request has not been provided, the parties agree to the following: *within fifteen (15) school days*

*Convene a MDT meeting to develop a compensatory education plan per the terms of the August 7, and November 9, 2006 HODs.*

5. For students or parents represented by counsel, DCPS shall advise counsel of all communications regarding scheduling of meetings/conferences/evaluations conducted pursuant to this Settlement Agreement.

6. The parties agree that execution of this Settlement Agreement will occur when the signatures of Parent and DCPS have been affixed below and undersigned counsel for DCPS has received transmittal of the signed Settlement Agreement. Parent/Court appointed educational advocate reserves the right a hearing if the parties disagree with any compensatory education award.

7. If, for some reason, DCPS is unable to comply with this Settlement Agreement as a result of reasonably unforeseen circumstances, or circumstances beyond its control (e.g., natural disaster or emergency), the parties agree to communicate about extending the deadlines reasonably or to negotiate new timelines, whichever appropriate.

8. Parent agrees to contact the Director of Compliance in the Office of Special Education in the event of a failure to comply with the terms incorporated in this Settlement Agreement in order to provide DCPS a reasonable opportunity to bring the case into compliance prior to Parent initiating further proceedings based on an alleged failure to comply. The parties agree that the method of communication will be by facsimile to (202) 442-5517.

9. This Settlement Agreement is in full satisfaction and settlement of all the claims contained in the pending hearing request, including, but not limited to, all claims that Parent now asserts or could have asserted as of the date of this Settlement Agreement.

12/18/2006  18:46    282:   .254              TYRKA & ASSOCIA          PAGE  04/04
01-Dec-2006 04:54 PM DCPS Office of General Counsel 2024423098                    4/4

10. Parent agrees to accept reasonable attorney fees not to exceed One Thousand ($1,000.00) Dollars, as full and final payment of any attorney fees and related costs incurred, or to be incurred, in this matter.  Payment of the specified amount is contingent upon submission of the following:  a) a certified invoice conforming to the DCPS attorney fee guidelines and itemizing all costs incurred to date relating to the pending hearing request; and b) signature by the parent below or written authorization by the parent for the attorney to enter into this Settlement Agreement on the parent's behalf.

11. Parent agrees that the hearing request that is the subject of this Settlement Agreement will be withdrawn immediately and that written evidence of such withdrawal must be provided to DCPS before any invoices will be processed for payment pursuant to this Settlement Agreement.

Agreed to:                                      Date:  12/18/06
_____
Quinne Harris-Lindsey, Esquire
Attorney Advisor


I hereby certify that I am authorized to sign this Agreement on behalf of my client, Daquan Gant.

Agreed to:                                      Date:  12/18/06
_____
Douglas Tyrka, Esquire
Counsel for Parent

41

## DUE PROCESS COMPLAINT NOTICE
### In re D████ G███
### January 24, 2007

| | |
|---|---|
| **Petitioner:** | Toloria Gant |
| **Student:** | D████ G███ |
| **DOB:** | ████/96 |
| **Current School:** | Rock Creek Academy ("RCA") |
| **Residence:** | 1512 Queen Street, N.E. |
| | Washington, DC 20002 |

**Petitioner's Contact Information for Special Education Purposes:**
Tyrka & Associates, LLC
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations:**

1. Failure to comply with a December 18, 2006 settlement agreement ("SA").

**Facts:**

1. In a December 18, 2006 SA, DCPS agreed to convene a multidisciplinary team ("MDT") meeting on or before January 22, 2007 to develop an appropriate compensatory education plan for D████ consistent with the terms of two prior Hearing Officer's Determinations, dated August 7, 2006 and November 9, 2006.
2. On January 19, 2007, counsel for the Petitioner sent an official non-compliance notice with the December 18, 2006 SA to DCPS Office of Mediation and Compliance.
3. DCPS did not convene an MDT meeting for D████ on or before January 22, 2007.
4. DCPS has not convened an MDT meeting for D████ since January 22, 2007.

**Proposed resolution:**

1. DCPS to immediately convene an MDT meeting for this student to:
   a) develop an appropriate compensatory education plan for D████ consistent with the terms of two prior Hearing Officer's Determinations, dated August 7, 2006 and November 9, 2006 and
   b) develop an appropriate supplementary compensatory education plan for D████ per the terms of the <u>Blackman-Jones</u> Consent Decree for DCPS' failure to comply with the December 18, 2006 SA.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

DG24

1. The Petitioner contends that a representative of the LEA with authority to:
    a. immediately convene an MDT meeting and
    b. negotiate attorneys' fees for work performed prior to the resolution meeting
   is a necessary attendee at any resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.
5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264



# TYRKA & ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:**     SHO

**Fax Number:**

**From:**     Douglas Tyrka

**Regarding:**     D████ G███

**# of pages:**     3

**Notes:**     Due Process Complain

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
           TRANSMISSION VERIFICATION REPORT

                                    TIME  : 01/24/2007 13:58
                                    NAME  : TYRKA & ASSOCIATES
                                    FAX   : 2022654264
                                    TEL   : 2022654260
                                    SER.# : 000A6J693992

    DATE,TIME              01/24  13:58
    FAX NO./NAME           SHO
    DURATION               00:00:48
    PAGE(S)                03
    RESULT                 OK
    MODE                   STANDARD
                           ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      SHO

*Fax Number:*

*From:*           Douglas Tyrka

*Regarding:*      D▬▬ G▬

*# of pages:*     3

*Notes:*          Due Process Complain

45

istrict of Columbia Public Schools
*State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

TO:     Parent (or Representative): *D. TYRKA*          Fax No.: *265-4264*

LEA Legal Counsel: *OGC*

RE:     G____, D____          and (LEA)   DOB: ____ /96
        Student's Name

FROM:   **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT: _____ *3/1/07* _____

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
*1/24/07* _____. Please be advised that the hearing has been scheduled for:

DATE: _____ *3/26/07* _____

TIME: _____ *11:00 Am* _____

AT:     825 North Capitol Street, NE, Washington, DC
        8th Floor

ASSIGNED HEARING OFFICER: _____

[ ] **THIS IS A FINAL NOTICE OF HEARING:** If you wish to request a continuance of this hearing, you must submit your request to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[X] **THIS IS A PROVISIONAL NOTICE OF HEARING:** The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least **five business days** prior to the hearing with copies to the Special Education Student Hearing Office.



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

January 19, 2007

Office of Mediation and Compliance
Division of Special Education
District of Columbia Public Schools
Washington, D.C. 20002
By Fax: 202-442-5524

Re:     D████ G███ (D.O.B. ████96)
        **Compliance Notice**

To Whom It May Concern:

Please be advised that the compliance deadline for the December 18, 2006 settlement agreement for this student is Monday, January 22, 2007. The parent expects DCPS to take all steps necessary to ensure that compliance on or before the date in question is forthcoming.

Sincerely,

Douglas Tyrka

DG6

# TYRKA &
## ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | OMC |
| *Fax Number:* | |
| *From:* | Keith Coyle |
| *Regarding:* | D▮▮▮ G▮▮ |
| *# of pages:* | 2 incl. cover |
| *Notes:* | Compliance notice |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

48

```
          ┌─────────────────────────────────────┐
          │   TRANSMISSION VERIFICATION REPORT   │
          └─────────────────────────────────────┘
                                    TIME  : 01/19/2007 11:39
                                    NAME  : TYRKA & ASSOCIATES
                                    FAX   : 2022654264
                                    TEL   : 2022654260
                                    SER.# : 000A6J693992
```

```
  DATE,TIME                    01/19  11:39
  FAX NO./NAME                 OMC
  DURATION                     00:00:28
  PAGE(S)                      02
  RESULT                       OK
  MODE                         STANDARD
                               ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      OMC

*Fax Number:*

*From:*           Keith Coyle

*Regarding:*      D█████ G███

*# of pages:*     2 incl. cover

*Notes:*          Compliance notice

49

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

March 2, 2007

Sherrie Waul
LEA for Rock Creek Academy
Office of Special Education
825 North Capitol St. NE
Washington DC 20002
By fax: 202-442-4800

Re:    D▮▮▮ G▮▮

Dear Ms. Waul:

A due process complaint filed on behalf of this student has been scheduled to be heard at **11:00am on March 26th, 2007.**  In order to meet their evidentiary burden under Section 3030.3 of Title V of the D.C. Municipal Regulations[1], the parent is respectfully requesting that your school provide our office with an opportunity to inspect, review, and copy the following records:

> All form 6s
> All standardized test scores, such as CTBS or SAT-9
> All evaluation reports and DCPS reviews, including triennial review
> IEPs, BLMDT, MDT notes, placement notices, and letters of invitations for all years in special education
> All report cards, including progress reports and attendance records
> All disciplinary records, incident reports, and manifestation determinations
> All encounter tracking forms
> A list of all of the student's special and general education teachers

Any other records or correspondence you believe are relevant.

As counsel for the parent, we are entitled to make this request pursuant to governing provision of the Individuals with Disabilities Education Act.  *See* 20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.613;[2] D.C. Mun. Regs. tit. 5 § 3021;[3] D.C.P.S. S.H.O. S.O.P. §800.2 .[4]

---

[1] "The burden of proof shall be the responsibility of the party seeking relief, either the parent/or guardian of a child or the LEA.  Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student with a Free Appropriate Public Education (FAPE)."
[2] "The agency shall comply with a [records] request without unnecessary delay . . ., and in no case more than 45 days after the request has been made."
[3] " "
[4] "Parents have the right to examine all records maintained by the school that are related to their child. . .  Parents may authorize counsel, advocates, investigators or other individuals to review and obtain copies of their children's records."

The parent respectfully requests that you contact our offices immediately in order to reach a mutually agreeable time and manner in which you will provide us with access to these records.

Our experience is that most schools prefer to provide our office with copies of these records by mail or fax. If you do not respond to our request within five (5) business days, we will assume that copies of the requested documents are forthcoming by either mail or fax.

**The parent also respectfully requests that our office be notified immediately as soon as any newly obtained records become available.**

Sincerely,

Camille McKenzie
Tyrka & Associates, LLC
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260
f. (202) 265-4264

51

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Sherrie Waul ~ Office of Special Education |
| *Fax Number:* | 202-442-5517 |
| *From:* | Camille McKenzie |
| *Regarding:* | D̶█████ G̶██ |
| *# of pages:* | 4 |
| *Notes:* | Due Process Hearing Records Request |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME  : 03/05/2007 16:04
NAME  : TYRKA & ASSOCIATES
FAX   : 2022654264
TEL   : 2022654260
SER.# : 000A6J693992
```

```
DATE,TIME          03/05  16:04
FAX NO./NAME        2024425517
DURATION            00:00:48
PAGE(S)             03
RESULT              OK
MODE                STANDARD
                    ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264 ♦

*Recipient:*    Sherrie Waul ~ Office of Special Education

*Fax Number:*    202-442-5517

*From:*    Camille McKenzie

*Regarding:*    D▮▮▮ G▮▮

*# of pages:*    4

*Notes:*    Due Process Hearing Records Request

53

Before the
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION**

In re D████ G███,                        )        Assigned Hearing Officer
    **Special Education Student.**        )        Hearing of March 26, 2007
                            )

## PETITIONER'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

The Petitioner respectfully moves for a default judgment for the Petitioner for the failure of the Respondent to file a response to the Petitioner's Complaint as required by 20 U.S.C. § 1415(c)(2)(i).

### BACKGROUND

On January 24, 2007, the Petitioner filed a due process complaint under 20 U.S.C. § 1415(b). The Complaint alleged that the Respondent had violated and was violating the IDEA by violating a December 18, 2006 settlement agreement.

At the time the Complaint was filed, the Respondent had not served the Petitioner with a prior written notice complying with 20 U.S.C. § 1415(c)(1) addressing all of the allegations in the Complaint.

On January 29, 2007, the Respondent sent the Petitioner a document identified as a "response." Exhibit 1. The Respondent has sent no other response to the Complaint.

In the document, the Respondent "acknowledges that there was a failure to convene a Multidisciplinary Team Meeting ("MDT") on or before January 22, 2007 as per the December 18, 2006 settlement agreement," but offered no explanation for its failure, no description of other options considered and why they were rejected, and no

54

description of any evaluation procedure, assessment, record, or report used as the bases for the failure. See Exhibit 1.

## APPLICABLE LAW

The IDEA requires that:

[i]f the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response that shall include –
(aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
(bb) a description of other options that the IEP Team considered and the reasons why those options were rejected;
(cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
(dd) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(2)(B)(i)(I).

The IDEA requires that a "prior written notice," which would negate the need for a response under 20 U.S.C. § 1415(c)(2)(B)(i)(I), contain all of the following:

(A) a description of the action proposed or refused by the agency;
(B) an explanation of why the agency proposes or refuses to take the action and a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;
(C) a statement that the parents of a child with a disability have protection under the procedural safeguards of this part and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;
(D) sources for parents to contact to obtain assistance in understanding the provisions of this part;
(E) a description of other options considered by the IEP Team and the reason why those options were rejected; and
(F) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(1).

The IDEA is silent on the question of the proper remedy for the failure of a local educational agency ("LEA") to file a response under 20 U.S.C. § 1415(2)(B)(i)(I).

2

## ARGUMENT

The "Response" plainly fails to meet the explicit requirements of the IDEA. The United States District Court for the District of Columbia has ruled that a respondent must follow the IDEA response requirements to the letter of the law. Because the Respondent has blatantly disregarded those requirements, the Respondent has failed to file any response in accordance with 20 U.S.C. § 1415(2)(B)(i)(I).

The IDEA does not specify the remedy for a failure to serve a response, but the United States Court of Appeals for the District of Columbia Circuit has ruled that where the IDEA is silent regarding a procedural rule, the most closely analogous state rule must be applied. The state rules most closely analogous to this situation are District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provide the remedy for a civil defendant's failure timely to file an answer to a complaint. Because those rules require that a court enter a default in the event that a defendant fails timely to file an answer, the hearing officer should grant the Petitioner a default for the Respondent's failure to serve a response.

## I.   THE RESPONDENT HAS NOT SERVED A RESPONSE AS REQUIRED BY THE IDEA.

The Respondent's document fails to include any of the information required in a response by 20 U.S.C. § 1415(c)(2)(B)(i)(I).

The United States District Court for the District of Columbia directly addressed the IDEA's response requirement in Massey v. District of Columbia:

> Under the statute, if DCPS had not previously issued a Prior Notice…, it was required to respond in writing to the request for a due process hearing. Furthermore, DCPS may not determine the form of its response:  the required content of the written response is precisely detailed in the

3

56

IDEA....[T]he IDEA does not allow DCPS to respond generally to the substance of the complaint in whatever form it deems appropriate.

400 F.Supp. 2d 66, 71 (2005) (citations omitted).

The District Court then considered the substance of the DCPS response – a prior written notice of placement issued after the Plaintiff's had filed their due process complaint – under the IDEA's statutory requirements for a response. First, the District Court dismissed DCPS' argument that "any failure to conform to the statute was a mere technical oversight." Id. at 72. To the contrary, the District Court emphasized that

> [i]t is technical compliance with the law, . . . that gives parents faith that their concerns will be addressed in accord with Congress' intent. Many of the procedural safeguards in the IDEA are extremely technical, spelling out particular deadlines and required content. This kind of detail embodies the purpose of a statute prescribing administrative – i.e., procedural – remedies. . . Does DCPS mean to imply that it is permitted to violate the IDEA as long as the ways in which it does so are minor? This Court has not been directed to any evidence that Congress intended an exemption for "close enough."

Id. (citations omitted).

In this case, as in Massey, the Respondent's document fails to include any of the information required in a response under 20 U.S.C. § 1415(c)(2)(B)(i)(I). The Respondent has therefore failed to serve a response as required by the IDEA.

## II.  THE PETITIONER IS ENTITLED TO A DEFAULT JUDGMENT FOR THE RESPONDENT'S FAILURE TO SERVE A RESPONSE.

In Massey, the District Court specifically noted that DCPS' failure, inter alia, to issue a proper response called into question the adequacy of the entire administrative process:

> Surely Congress did not intend for parents to be left with no remedy when the school district fails to observe the procedural safeguards in the IDEA.
> ***

DCPS appears incompetent to address, in the manner required by the IDEA, a parent's complaints about [its] failures. Therefore, the Courts find that the plaintiffs have demonstrated that pursuing their claim through the administrative process would be inadequate.

400 F.Supp. 2d at 73 (citations omitted).

The Court in <u>Massey</u> stated that Congress intended there to be a remedy for DCPS' failure to serve a response. Unfortunately, the statute does not specify the remedy.

The federal courts have held that, where the IDEA is silent regarding a procedural rule, the most closely analogous state rule must be applied. In an administrative proceeding under the IDEA, the most closely analogous state rules are the District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provide the remedy for a civil defendant's failure timely to file an answer to a complaint.

Because those rules require that a court enter a default when a defendant fails timely to file an answer, the hearing officer should grant the Petitioner a default for the Respondent's failure to serve a response.

## A. <u>In the Absence of a Clear Procedure in the IDEA, the Most Closely Analogous State Rules Should be Applied.</u>

The federal courts have ruled that where the IDEA is silent, the most closely analogous state rule should be applied, provided that the state rule is consistent with the policies of the IDEA. <u>See, e.g., Spiegler v. Dist. of Columbia</u>, 866 F.2d 461 (D.C. Cir. 1989)(applying local limitations period for appeals of administrative decision to federal actions brought following adverse administrative decisions under predecessor to IDEA).

5

In <u>Spiegler</u>, the Court of Appeals held that the District of Columbia 30-day statute of limitations for review of agency orders applied to federal cases challenging hearing officers' decisions under the Education of the Handicapped Act ("EHA"), the predecessor to the IDEA. 866 F.2d at 462-470. Congress had not provided a statute of limitations in the text of the EHA, so the Court of Appeals applied the local limitations period because it was closely analogous and consistent with the policies underlying the EHA. <u>Id.</u>

The Court in <u>Spiegler</u> applied a two-part analysis: 1) identifying the most closely analogous state rule; and 2) determining whether the application of that rule was consistent with the federal policies underlying the EHA. In performing the first part of the analysis, the Court held that a substantive federal claim challenging the findings and decision of an EHA hearing officer was "sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30-day local limitations period for such appeals." 866 F.2d at 466. In the second part of the analysis, the Court concluded "that a 30-day limitations period, when combined with a duty by the District to inform hearing participants of the short [limitations] period, was not so harsh as to be inconsistent with [the EHA's underlying] policies." <u>Id.</u>

Though the <u>Spiegler</u> Plaintiffs had argued for the application of the District of Columbia's default 3-year statute of limitations, the Court of Appeals found the 30-day limitations period consistent with federal policies: "Because the Act emphasizes the prompt resolution of disputes, we find at the outset that a shorter rather than longer statute of limitations would be more consistent with the policies underlying the Act." <u>Id.</u> at 467.

6

59

According to the <u>Spiegler</u> decision, in forming a remedy for the Respondent's failure to serve a response to the complaint, the hearing officer should determine the state rules most closely analogous to this situation, and should apply them if they are not inconsistent with the federal policies underlying the IDEA.

### B. The State Rules Most Closely Analogous to this Situation are District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a).

Generally, the two best sources for analogous rules in IDEA hearings are the District of Columbia Office of Administrative Hearings Procedural Rules ("OAH rules"), D.C. Mun. Regs. tit. 1 §§ 2800 <u>et seq.</u>, and the District of Columbia Superior Court Rules of Civil Procedure ("Civil Rules").

In <u>Spiegler</u>, the Court of Appeals used the OAH Rules to determine the appropriate statute of limitations period for challenging the findings and decisions of an impartial due process hearing officer. However, because the OAH Rules do not require any response in a state administrative proceeding, they are not applicable to an action initiated under the IDEA, which now requires a response containing very specific information within 10 days of the filing of the complaint. <u>Compare</u> OAH Rule 2813.5 ("[u]nless otherwise ordered, no responsive pleading is required in cases commenced by a request for a hearing.") <u>with</u> 20 U.S.C. § 1415(2)(B)(i)(I)(requiring response to IDEA complaint and listing necessary elements in response); D.C. Mun. Regs. tit. 1 §§ 2813.5.

The Civil Rules, on the other hand, deal extensively with every aspect of pleading practice, including the procedures for serving initial and responsive pleadings and the consequences of violations of those procedures. <u>See</u> Super. Ct. Civ. R. 3, 7, 8, 12 & 55. The Civil Rules dictate the necessary contents of answers, the timelines for filing answers and the penalties for failure to file. <u>See</u> Super. Ct. Civ. R. 12 & 55.

7

Because the OAH rules do not require responsive pleadings and the Civil Rules do, the Civil Rules are the state rules most closely analogous to the IDEA response requirement. The hearing officer should therefore apply the Civil Rules by analogy as long as they are consistent with the federal policies underlying the IDEA.

### C. By Analogy, the Civil Rules Require the Hearing Officer to Rule by Default for the Petitioner.

District of Columbia Superior Court Rule of Civil Procedure 12(a)(5) and 55(a) are the state rules most closely analogous to the Respondent's failure to serve a response, as argued _supra_. The rules require that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the Clerk or the Court shall enter the party's default." Super. Ct. Civ. R. 55(a); _see also_ Super. Ct. Civ. R.12(a)(5)("Except where the time to respond to the complaint has been extended as provided in Rule 55(a), failure to comply with the requirements of this Rule shall result in the entry of a default by the Clerk or the Court _sua sponte_ unless otherwise ordered by the Court.")

The courts do not have any discretion in the entry of a default for failure to respond to a complaint; "the Clerk or the Court shall enter the party's default." Super. Ct. Civ. R. 55(a)(emphasis added). The comment to Rule 12 makes clear the intent that default be automatic in those circumstances. _See_ Super. Ct. Civ. R. 12, cmt ("[P]aragraph (5) has been added to preserve the existing Superior Court rule of automatic entry of default against a defendant who does not timely respond to the complaint.").

The District of Columbia Court of Appeals has addressed this issue, and has enforced the clear text of the Rules in favor of automatic and non-discretionary default. _See_ Digital Broadcast Corp. v. Rosenman & Colin, LLP, 847 A.2d 384, 388-89 (D.C.

8

App. 2004)(holding that Rule 55(a) default is automatic and non-discretionary);

Restaurant Equip. and Supply Depot, Inc. v. Gutierrez, 852 A.2d 951, 954-56 (D.C. App.

2004)(holding that default for failure to file answer was automatic even where defendant

had filed motion to dismiss).

An entry of default is not a final judgment terminating a proceeding. "[T]he entry

of default does not constitute a judgment, but simply precludes the defaulting party from

offering any further defense on the issue of liability." Lockhart v. Cade, 728 A.2d 65, 68

(D.C. 1999). "[T]he defaulted party retains the right to contest and mitigate unliquidated

damages." Digital, 847 A.2d at 389 n.7. In other words, the default resolves all liability

questions against the defaulting party, but does not determine ultimate relief.

Because the serving of a "response" under the IDEA is a perfect analogue to the

filing of an answer under the Civil Rules, and the Respondent has in this case failed to

serve a response, by analogy to the Civil Rules the hearing officer must issue the

equivalent to a default against the Respondent. The equivalent to a default in IDEA

administrative hearings is a finding, as a matter of law, that the Respondent has

committed all of the violations identified in the Complaint.

Where a violation is all that is necessary to justify relief, the hearing officer may

simply order the relief requested in the Complaint. In the alternative, where further

evidence is necessary before specific relief can be ordered, the hearing officer should

schedule a hearing for the sole purpose of adjudicating the issues relevant to relief.

9

**D. An Order of Default After an LEA has Failed to Serve a Response is Wholly Consistent with the Policies Underlying the IDEA in that it Protects the Rights of Children, Encourages Prompt Resolution of Disputes, Promotes Administrative Efficiency and Preserves Procedural Equity.**

The application of the Civil Rules to this situation and the consequential order of default against the Respondent comports with the policies underlying the IDEA.

The primary purposes of the IDEA are, of course, "to ensure that all children with disabilities have available to them a free appropriate public education" and "to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1).

Additionally, it is clear from the statute and the caselaw that certain policies underlie the procedural aspects of the IDEA. In Spiegler, the Court of Appeals noted that Congress' intent in passing the EHA was "to ensure the prompt resolution of disputes regarding the appropriate education for handicapped children." 866 F.2d 461, 467. The recent amendments to the IDEA, most notably the clauses regarding the complaint, the response and the resolution session, indicate a Congressional intent to improve administrative efficiency by narrowing issues and limiting unnecessary hearings. See 20 U.S.C. § 1415(b)(6), (c)(2)(B)(i)(I) & (f)(1)(B). Finally, Congress' respect for the adversarial process and intent to establish basic procedures to ensure fairness in hearings can be found in the IDEA's rights to counsel, to disclosure of evidence, to subpoenas, to cross-examination and to attorneys' fees; the Act's new clauses enabling the dismissal of inadequately drafted complaints; and the Act's new provisions regarding the training and competence of hearing officers. See 20 U.S.C. § 1415(c)(2)(A), (f)(3)(A) & (h).

These four purposes – protection of the rights of children with disabilities, prompt resolution of special education disputes, administrative efficiency and procedural fairness

— are all furthered by an order of default against the Respondent for failing to serve a response.

Obviously, a ruling in favor of a parent or child, particularly a ruling that prevents the LEA from violating the IDEA and sandbagging a petitioner at hearing, helps to protect the rights of children with disabilities. It is equally obvious that a default for failure to respond to a complaint furthers prompt resolution and administrative efficiency, both in the short term, in that the parties and the hearing officer are not forced to litigate issues regarding which the respondent has offered no defense, and in the long term, in that the respondent will be more likely to serve a proper response in future cases.

The impact of a default on procedural equity deserves a bit more consideration, because the recent amendments to the IDEA have changed the balance of procedural obligations. Under the old version of the law, a petitioner needed only to file a minimal hearing request, and the respondent did not need to file a response. Under the current version of the law, by the time a respondent has failed to serve a response and thereby made itself subject to default, a petitioner has had to file a substantially more comprehensive complaint, which has had to withstand a judgment of its sufficiency. See 20 U.S.C. § 1415(b)(7) & (c)(2)(D). If the complaint is found sufficient, the petitioner is granted a hearing, but cannot raise any issue not identified in the complaint. See 20 U.S.C. § 1415(f)(3)(B). While petitioners now bear that new burden, respondents bear a new burden of their own — the response to the complaint.

A default against an LEA for failure to serve a response would enforce the policy of procedural fairness evident in the IDEA's new requirements of a reciprocal information exchange prior to the resolution session and the hearing. To decline to issue a

default would confound Congress' clear intent to require LEAs to provide the same level of information that petitioners must provide, and would create a fundamentally unfair system in which a petitioner is denied his/her opportunity to make a case if he/she fails to provide information according to IDEA procedure, but an LEA is allowed to make its case in the opposite situation.

## CONCLUSION

Because a default against the Respondent in this case is wholly consistent with the policies underlying the IDEA, and the denial of a default would frustrate Congress' intent, the hearing officer should apply the most closely analogous state rule to this situation and grant the Petitioner a default by applying Civil Rules 12(a)(5) and 55(a) by analogy.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

**DATE FILED:   March 19, 2007**

12

**Certificate of Service**

I hereby certify that a copy of this Motion was sent via facsimile to Counsel for

the Respondent on March 19, 2007.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

13

66

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs

Daymon Gant
DOB: ██/██/96

    Petitioner,

v.

District of Columbia Public Schools

    Respondent

District of Columbia Public School's Response to
Parent's Administrative Due Process Complaint Notice

The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney Advisor, hereby provides its Response to the Administrative Due Process Complaint Notice ("Complaint") filed on or about January 24, 2007 on behalf of the parent of Daymon Gant, DOB: ██/██/96, pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA 04"), 20 U.S.C. §1415(c)(2)(B)(i)(I). Specifically, DCPS asserts the following:

1.   DCPS acknowledges that there was a failure to convene a Multidisciplinary Team Meeting ("MDT") on or before January 22, 2007 as per the December 18, 2006 settlement agreement. DCPS did send a Letter of Invitation to convene this meeting on January 26, 2007. *(see Exhibit 1)*

2.   The request for a compensatory education plan is premature at this time, as there has been no showing by the parent that a Free and Appropriate Education has not been provided to the student.

Date: January 29, 2007

Submitted by:

**Exhibit 1**

*Quinne Harris-Lindsey*/signed electronically
Quinne Harris-Lindsey, Esquire
Supervisory Attorney Advisor
c/o Ann J. Williams
Senior Paralegal Specialist
Office of the General Counsel
DC Public Schools
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002
(202) 442-5166 – direct
(202) 442-5097/8 - fax

## CERTIFICATE OF SERVICE

I, Quinne Harris-Lindsey, Esq., hereby certify that a copy of DCPS' Response to the

Administrative Due Process Complaint Notice was served on January 29, 2007 on Douglas

Tyrka, Tyrka & Associates, LLC, via facsimile at 202/265-4264.

*Quinne Harris-Lindsey*/signed electronically
Quinne Harris-Lindsey, Esquire
Supervisory Attorney Advisor
c/o Ann J. Williams
Senior Paralegal Specialist

68

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax (202)265-4264

| | |
|---|---|
| **Recipient:** | Assigned Hearing Officer ~ SHO & Attorney-Advisor ~ OGC |
| **Fax Number:** | |
| **From:** | Douglas Tyrka |
| **Regarding:** | D█████ G████ |
| **# of pages:** | 16 |
| **Notes:** | Petitioner's Motion for Default |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

**Before the**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION**

|  |  |
|---|---|
| In re D██████ G█████, | ) |
| Special Education Student. | ) |
|  | ) |
|  | ) |

## PETITIONER'S MOTION FOR SUMMARY JUDGMENT

The Petitioner respectfully moves for summary judgment on all claims in her January 24, 2007 due process complaint ("Complaint"). The Complaint alleges, *inter alia*, that DCPS has violated the IDEA by failing to comply with a December 18, 2006 settlement agreement ("SA"). This SA obligated DCPS to convene a multidisciplinary team ("MDT") meeting on or before January 22, 2007 to develop a compensatory education plan for D█████.

As relief for these violations, the Petitioner respectfully requests that DCPS be ordered to immediately convene an MDT meeting to develop a compensatory education plan per the terms of the December 18, 2006 SA, and additionally to compensate D█████ for DCPS' violation of that SA, in accordance with the <u>Blackman-Jones</u> Consent Decree.

### FACTS NOT IN DISPUTE

1. A December 18, 2006 SA obligated DCPS to convene an MDT meeting on or before January 22, 2007. Exhibit 1.

2. DCPS has not convened an MDT meeting since the execution of the December 18, 2006 SA.

3. In its January 29, 2007 response to the Petitioner's Complaint, "DCPS acknowledges that there was a failure to convene a Multidisciplinary Team Meeting . . .

1

on or before January 22, 2007 as per the December 18, 2006 settlement agreement."
Exhibit 2.

4.    In its response, DCPS makes no suggestion that it was not responsible for the failure to convene an MDT meeting. Exhibit 3.

## ARGUMENT

### I.    DCPS HAS FAILED TO COMPLY WITH THE DECEMBER 18, 2006 SA.

The undisputed facts of this case conclusively establish that DCPS violated the December 18, 2006 SA. DCPS did not convene an MDT meeting on or before January 22, 2007, the deadline prescribed in the December 18, 2006 SA. DCPS has acknowledged this fact in its January 29, 2007 response.  Because this is the only issue presented in this Complaint, the Hearing Officer should grant the Petitioner's motion for summary judgment.

## CONCLUSION

For these reasons, the Petitioner respectfully requests that summary judgment be granted on all claims presented in her January 24, 2007 Complaint, and that a Hearing Officer's Determination be issued ordering DCPS immediately to convene an MDT meeting to develop a compensatory education plan per the terms of the December 18, 2006 SA, and additionally to compensate D██████ for DCPS' violation of that SA, in accordance with the Blackman-Jones Consent Decree.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

71

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2007, I sent a copy of the foregoing by

facsimile to Counsel for the Respondent.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

3

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ✦ Suite 400 ✦ Washington DC 20009 ✦ Phone: (202)265-4260 ✦ Fax: (202)265-4764

*From*

| | |
|---|---|
| *Recipient:* | Quinne Harris-Lindsey |
| *Fax Number:* | 202-442-5098/5097 |
| *From:* | D█████ Tyrka |
| *Regarding:* | D█████ G███ |
| *# of pages:* | 4 |
| *Notes:* | Revised Final Settlement Agreement |

Quinne:

Per our discussion on Friday, December 15, 2006, I have revised this
settlement agreement to include a fifteen (15) school day timeline for
convening the multidisciplinary team ("MDT") meeting.

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended
solely for the recipient named above. If you are not the intended recipient named above or the agent or employee
thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of
this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all
privileges applicable to this transmission. If you have received this transmission in error, please read no further than
this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the
cost of Tyrka & Associates. Thank you.

**Exhibit 1**



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

December 1, 2006

Douglas Tyrka
Tyrka & Associates, L.L.C.
1726 Connecticut Ave., N.W.
Suite 400
Washington, D.C. 2009

**PROPOSED SETTLEMENT/10-Day Letter**

**VIA FACSIMILE 202/265-4264**

Subject: Due Process Hearing for D██████ G████
DOB: ██/██/96
Attending School: Rock Creek Academy

This letter constitutes an offer of settlement for the above-referenced matter.

By your signature below, you agree to the following terms:

In lieu of the formal Due Process Hearing in the above-referenced matter, the request for which was dated November 16, 2006, the parties to this action, District of Columbia Public Schools (hereinafter "DCPS"), and Parent or Parent's representative (hereinafter "Parent") agree to resolve this matter under the terms and conditions set forth herein. The underlying hearing request was received on November 16, 2006, pursuant to the Individuals with Disabilities Education Act of 2004, 20 U.S.C. §§ 1400 et seq.; proposed regulations cited in 34 CFR §§300 et seq.; DCMR §§ 3000 et. seq., as amended by emergency legislation on July 1, 2005. The parties have agreed to the following terms and conditions:

1. Parent represents that the student is a resident of the District of Columbia, has established residency, and has been registered as attending or non-attending at his/her local school. If DCPS becomes aware subsequent to the execution of this Settlement Agreement that residency and/or registration has not been completed and/or established then any obligations undertaken by DCPS pursuant to this Settlement Agreement will be terminated, and DCPS shall retain the right to seek relief for any benefit conferred based upon false representations of residency and/or registration.

2. Parent represents that the student's date of birth is ▮▮▮▮▮▮▮,1996, that the attending school is Rock Creek Academy.

3. Parent agrees to cooperate fully with DCPS in the implementation of the terms of this Settlement Agreement. Any delay caused by the student, parent, advocate, counsel, or other representative of Parent or the student, as it pertains to testing, meeting, dates, or other compliance with the terms of this Settlement Agreement will toll any deadlines herein by one day for each day of delay. DCPS further retains the right to take necessary action, consistent with IDEA, to ensure the continued delivery of a free appropriate public education for the student to the extent the delivery of such free appropriate public education may be impeded by delay caused by the student, parent, advocate, counsel, or other representative of Parent or the student.

4. To the extent that the action described herein has not occurred, or the relief sought in the Due Process Hearing Request has not been provided, the parties agree to the following:
*within fifteen (15) school days*
*Convene a MDT meeting to develop a compensatory education plan per the terms of the August 7, and November 9, 2006 HODs.*

5. For students or parents represented by counsel, DCPS shall advise counsel of all communications regarding scheduling of meetings/conferences/evaluations conducted pursuant to this Settlement Agreement.

6. The parties agree that execution of this Settlement Agreement will occur when the signatures of Parent and DCPS have been affixed below and undersigned counsel for DCPS has received transmittal of the signed Settlement Agreement. Parent/Court appointed educational advocate reserves the right a hearing if the parties disagree with any compensatory education award.

7. If, for some reason, DCPS is unable to comply with this Settlement Agreement as a result of reasonably unforeseen circumstances, or circumstances beyond its control (e.g., natural disaster or emergency), the parties agree to communicate about extending the deadlines reasonably or to negotiate new timelines, whichever appropriate.

8. Parent agrees to contact the Director of Compliance in the Office of Special Education in the event of a failure to comply with the terms incorporated in this Settlement Agreement in order to provide DCPS a reasonable opportunity to bring the case into compliance prior to Parent initiating further proceedings based on an alleged failure to comply. The parties agree that the method of communication will be by facsimile to (202) 442-5517.

9. This Settlement Agreement is in full satisfaction and settlement of all the claims contained in the pending hearing request, including, but not limited to, all claims that Parent now asserts or could have asserted as of the date of this Settlement Agreement.

75

03/13/2008 02:20 2022664264JL     Document 6-5TYRKA & ASSOCIATES/2007     Page 8 of 27PAGE 08/15

12/18/2006 18:46     202: .264     TYRKA & ASSOCIA     PAGE 04/04
01-Dec-2006 04:54 PM DCPS Office of General Counsel 2024423098     4/4

10. Parent agrees to accept reasonable attorney fees not to exceed One Thousand ($1,000.00) Dollars, as full and final payment of any attorney fees and related costs incurred, or to be incurred, in this matter. Payment of the specified amount is contingent upon submission of the following: a) a certified invoice conforming to the DCPS attorney fee guidelines and itemizing all costs incurred to date relating to the pending hearing request; and b) signature by the parent below or written authorization by the parent for the attorney to enter into this Settlement Agreement on the parent's behalf.

11. Parent agrees that the hearing request that is the subject of this Settlement Agreement will be withdrawn immediately and that written evidence of such withdrawal must be provided to DCPS before any invoices will be processed for payment pursuant to this Settlement Agreement.

Agreed to: _____     Date: 12/18/06
Quinne Harris-Lindsey, Esquire
Attorney Advisor


I hereby certify that I am authorized to sign this Agreement on behalf of my client, _____

Agreed to: _____     Date: 12/18/06
Douglas Tyrka, Esquire
Counsel for Parent

76

03/13/2006   02:28   2022654264                           TYRKA & ASSOCIATES                         PAGE   09/20

# DUE PROCESS COMPLAINT NOTICE
## In re D█████ G██t
### January 24, 2007

| | |
|---|---|
| **Petitioner:** | Toloria Gant |
| **Student:** | D█████ G██t |
| **DOB:** | █████96 |
| **Current School:** | Rock Creek Academy ("RCA") |
| **Residence:** | 1512 Queen Street, N.E. |
| | Washington, DC 20002 |

**Petitioner's Contact Information for Special Education Purposes:**

> Tyrka & Associates, LLC
> 1726 Connecticut Ave. N.W. Suite 400
> Washington, D.C. 20009
> Tel: 202-265-4260
> Fax: 202-265-4264

**Violations:**

1. Failure to comply with a December 18, 2006 settlement agreement ("SA").

**Facts:**

1. In a December 18, 2006 SA, DCPS agreed to convene a multidisciplinary team ("MDT") meeting on or before January 22, 2007 to develop an appropriate compensatory education plan for D█████ consistent with the terms of two prior Hearing Officer's Determinations, dated August 7, 2006 and November 9, 2006.
2. On January 19, 2007, counsel for the Petitioner sent an official non-compliance notice with the December 18, 2006 SA to DCPS Office of Mediation and Compliance.
3. DCPS did not convene an MDT meeting for D█████ on or before January 22, 2007.
4. DCPS has not convened an MDT meeting for D█████ since January 22, 2007.

**Proposed resolution:**

1. DCPS to immediately convene an MDT meeting for this student to:
   a) develop an appropriate compensatory education plan for D█████ consistent with the terms of two prior Hearing Officer's Determinations, dated August 7, 2006 and November 9, 2006 and
   b) develop an appropriate supplementary compensatory education plan for D█████ per the terms of the Blackman-Jones Consent Decree for DCPS' failure to comply with the December 18, 2006 SA.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

Exhibit 2

77

1. The Petitioner contends that a representative of the LEA with authority to:
    a. immediately convene an MDT meeting and
    b. negotiate attorneys' fees for work performed prior to the resolution meeting
  is a necessary attendee at any resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.
5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted;

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

03/13/2006  02:26    2022654264                    TYRKA & ASSOCIATES

# TYRKA & ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | **SHO** |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | D████ G██ |
| *# of pages:* | 3 |
| *Notes:* | Due Process Complain |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

79

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME  : 01/24/2007 13:58
                              NAME  : TYRKA & ASSOCIATES
                              FAX   : 2022654264
                              TEL   : 2022654260
                              SER.# : 000A6J693992
```

```
DATE,TIME                     01/24  13:58
FAX NO./NAME                  SHO
DURATION                      00:00:48
PAGE(S)                       03
RESULT                        OK
MODE                          STANDARD
                              ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*        SHO

*Fax Number:*

*From:*             Douglas Tyrka

*Regarding:*        ~~Duheen Gant~~

*# of pages:*       3

*Notes:*            Due Process Complain

80



Office of the General Counsel
825 North Capitol Street, NE
Room 9095
Washington, DC 20002
(202) 442-5000 main
(202) 442-5166 direct
(202) 442-5097/8 fax

# Fax

| To: | Douglas Tyrka | From: | Ann J. Williams |
|---|---|---|---|
| | Tyrka & Associates, LLC | | Senior Paralegal Specialist |
| Fax: | 202/265-4264 | Date: | January 29, 2007 |
| Phone: | 202/265-4260 | Pages: | 3 |
| Re: | D. Gunn Response | CC: | |

☐ Urgent ☐ For Review ☐ Please Comment ☐ Please Reply ☐ Please Recycle

• Comments:

Exhibit 3
81

Case 1:07-cv-01423-RJL    Document 6-5    Filed 12/26/2007    Page 14 of 27
03/13/2006  02:20  2022554264                    TYRKA & ASSOCIATES                    PAGE  14/15
27-Jan-2007 11:55 AM DCPS Office of General Counsel 2024425098                                        2/3

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

D_____ G___
DOB: ___/96

    Petitioner,

v.

**District of Columbia Public Schools**

    **Respondent**

**District of Columbia Public School's Response to**
**Parent's Administrative Due Process Complaint Notice**

The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney Advisor, hereby provides its Response to the Administrative Due Process Complaint Notice ("Complaint") filed on or about January 24, 2007 on behalf of the parent of D_____ G___, DOB: ___/96, pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA 04"), 20 U.S.C. §1415(c)(2)(B)(i)(I). Specifically, DCPS asserts the following:

1.  DCPS acknowledges that there was a failure to convene a Multidisciplinary Team Meeting ("MDT") on or before January 22, 2007 as per the December 18, 2006 settlement agreement. DCPS did send a Letter of Invitation to convene this meeting on January 26, 2007. *(see Exhibit 1)*

2.  The request for a compensatory education plan is premature at this time, as there has been no showing by the parent that a Free and Appropriate Education has not been provided to the student.

Date: January 29, 2007

Submitted by:

82

*Quinne Harris-Lindsey*/signed electronically
Quinne Harris-Lindsey, Esquire
Supervisory Attorney Advisor
c/o Ann J. Williams
Senior Paralegal Specialist
Office of the General Counsel
DC Public Schools
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002
(202) 442-5166 – direct
(202) 442-5097/8 - fax

## CERTIFICATE OF SERVICE

I, Quinne Harris-Lindsey, Esq., hereby certify that a copy of DCPS' Response to the

Administrative Due Process Complaint Notice was served on January 29, 2007 on Douglas

Tyrka, Tyrka & Associates, LLC, via facsimile at 202/265-4264.

*Quinne Harris-Lindsey*/signed electronically
Quinne Harris-Lindsey, Esquire
Supervisory Attorney Advisor
c/o Ann J. Williams
Senior Paralegal Specialist

83

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Assigned hearing officer ~ SHO<br>OGC |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | D██████ G███ |
| *# of pages:* | 15 |
| *Notes:* | Petitioner's Motion for Summary Judgment |

2007 MAR 13 PM 2: 36
DC PUBLIC
SCHOOL SYSTEM

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

84

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                                        TIME  : 03/01/2007 18:24
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : BROE6J471573
```

```
┌──────────────────────────────────────────────────────────────┐
│                                                                │
│     DATE,TIME              03/01  18:24                         │
│     FAX NO./NAME           92654264                             │
│     DURATION               00:00:26                             │
│     PAGE(S)                01                                   │
│     RESULT                 OK                                   │
│     MODE                   STANDARD                             │
│                            ECM                                  │
│                                                                │
└──────────────────────────────────────────────────────────────┘
```

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



OFFICE OF THE
GENERAL COUNSEL

2007 MAR -2 PM 1: 43

### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
| --- |

TO:     Parent (or Representative): _D. TYRKA_     Fax No.: _265-4264_

LEA Legal Counsel: _OGC_

RE:     G____, D____     and (LEA)  DOB: ___/96
            Student's Name

FROM:   **SHARON NEWSOME**
            Special Education Student Hearing Office Coordinator

DATE SENT: ___3/1/07___

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_1/24/07_ . Please be advised that the hearing has been scheduled for:

DATE: _3/26/07_

TIME: _11:00 Am_

85

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs

D████ G███
DOB: ████/96

    Petitioner,

v.

District of Columbia Public Schools

    Respondent

### District of Columbia Public School's Response to
### Parent's Administrative Due Process Complaint Notice

The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney Advisor, hereby provides its Response to the Administrative Due Process Complaint Notice ("Complaint") filed on or about January 24, 2007 on behalf of the parent of D████ G███, DOB: ████/96, pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA 04"), 20 U.S.C. §1415(c)(2)(B)(i)(I). Specifically, DCPS asserts the following:

1. DCPS acknowledges that there was a failure to convene a Multidisciplinary Team Meeting ("MDT") on or before January 22, 2007 as per the December 18, 2006 settlement agreement. DCPS did send a Letter of Invitation to convene this meeting on January 26, 2007. *(see Exhibit 1)*

2. The request for a compensatory education plan is premature at this time, as there has been no showing by the parent that a Free and Appropriate Education has not been provided to the student.

Date: January 29, 2007

Submitted by:

*Quinne Harris-Lindsey*/signed electronically
Quinne Harris-Lindsey, Esquire
Supervisory Attorney Advisor
c/o Ann J. Williams
Senior Paralegal Specialist
Office of the General Counsel
DC Public Schools
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002
(202) 442-5166 – direct
(202) 442-5097/8 - fax


## CERTIFICATE OF SERVICE

I, Quinne Harris-Lindsey, Esq., hereby certify that a copy of DCPS' Response to the

Administrative Due Process Complaint Notice was served on January 29, 2007 on Douglas

Tyrka, Tyrka & Associates, LLC, via facsimile at 202/265-4264.


*Quinne Harris-Lindsey*/signed electronically
Quinne Harris-Lindsey, Esquire
Supervisory Attorney Advisor
c/o Ann J. Williams
Senior Paralegal Specialist

87

SPECIAL EDUCATION
MULTIDISCPLINARY TEAM
(MDT)
Meeting Notice

Date: 01/26/2007

MDT Referral Date:

Letter of Invitation

Re: G████, D██████

Dear Toloria Gant

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Invited participants are listed under MDT members.

Place/Location: Rock Creek Academy 4401 Connecticut Ave., NW
Washington, DC 20008

| Please check one date for confirmation: | | |
|---|---|---|
| ☒ | Date: 2/22/2007 | Time: 9:30 : or |
| ☒ | Date: 2/23/2007 | Time: 9:30 : or |
| ☒ | Date: 2/27/2007 | Time: 9:30 |

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

The purpose of this meeting is to:

☑ **develop/review IEP(including consideration of extended school year (ESY) services)

☒ **Review evaluation or reevaluation information

☒ develop the student evaluation plan (SEP)

☒ discuss documented levels of service

☐ discuss placement

☐ determine manifestation

☐ discuss eligibility

☒ **discuss CompEd

☐ *consider transition services needs

☒ discuss quarterly review

☒ behavior plan review

☒ **review records to support the completion of services as follows:

☒ Graduated    ☒ Completed Services    ☒ Aged Out    ☐ Transferred Out of District    ☒ Dropped Out

☒ Other

**Placement will be discussed.

MDT Members:
☒ Principal or Designee
☑ Parent
☑ LEA Representative
☐ Student

☒ General Education Teacher
☒ Special Education Teacher
☒ Speech and Language
☒ Social Worker

☐ Psychologist
☐ Other

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact Arvette Page at 202-378-1388 (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate.

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

*After the third attempt to contact the parent, the meeting will be held without further notice.
----------------------------------------------------------------------------------------------------
Please sign below and return this page to the school.

Parent/Guardian Signature _____

Date _____

I acknowledge receipt of the Procedural Safeguards for parents(due process procedures).    ☒ Yes    ☐ No

**EXHIBIT 1**

1/29/2007

https://www.e-ieppro2.com/RCA/MeetingNotice/PrintMNSelections.asp?ID=1106

88

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| G████, D. | | |
| Petitioner | ) | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| DCPS | ) | |
| Attending Rock Creek Academy | | |
| | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

# SCHEDULING MEMORANDUM

1.      A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **<u>The Student Hearing Office does not schedule or participate in resolution meetings</u>**.

2.      The complaint notice was filed on **January 24, 2007**

3.      The deadline for the resolution meeting is   **February 8, 2007** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.      ***Prior Written Notice Not Issued by the Local Educational Agency***.  If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.      An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

2.      A description of other options that the IEP Team considered and the reasons why those options were rejected;

3.  A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

4.  A description of the factors that is relevant to the agency's proposal or refusal.

B.  Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **February 3, 2007**.

C.  ***Deficiency Notice***.  A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.  The deadline for filing a deficiency notice is **February 8, 2007**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

90

Rev'd. 7/6/05

01/24/2007  13:58    2022654264              TYRKA & ASSOCIATES                    PAGE

# DUE PROCESS COMPLAINT NOTICE
## In re D███ G███
### January 24, 2007

**Petitioner:**         Toloria Gant
**Student:**            D███ G███
**DOB:**                ███/96
**Current School:**     Rock Creek Academy ("RCA")
**Residence:**          1512 Queen Street, N.E.
                        Washington, DC 20002

**Petitioner's Contact Information for Special Education Purposes:**
        Tyrka & Associates, LLC
        1726 Connecticut Ave. N.W. Suite 400
        Washington, D.C.  20009
        Tel:  202-265-4260
        Fax:  202-265-4264

2007 JAN 24 PM 1:59
DC PUBLIC SCHOOL SYSTEM

**Violations:**

1.  Failure to comply with a December 18, 2006 settlement agreement ("SA").

**Facts:**

1.  In a December 18, 2006 SA, DCPS agreed to convene a multidisciplinary team ("MDT")
    meeting on or before January 22, 2007 to develop an appropriate compensatory education
    plan for D███ consistent with the terms of two prior Hearing Officer's Determinations,
    dated August 7, 2006 and November 9, 2006.
2.  On January 19, 2007, counsel for the Petitioner sent an official non-compliance notice with
    the December 18, 2006 SA to DCPS Office of Mediation and Compliance.
3.  DCPS did not convene an MDT meeting for D███ on or before January 22, 2007.
4.  DCPS has not convened an MDT meeting for D███ since January 22, 2007.

**Proposed resolution:**

1.  DCPS to immediately convene an MDT meeting for this student to:
    a)  develop an appropriate compensatory education plan for D███ consistent with the terms
        of two prior Hearing Officer's Determinations, dated August 7, 2006 and November 9,
        2006 and
    b)  develop an appropriate supplementary compensatory education plan for D███ per the
        terms of the Blackman-Jones Consent Decree for DCPS' failure to comply with the
        December 18, 2006 SA.
2.  DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

91

1. The Petitioner contends that a representative of the LEA with authority to:
   a. immediately convene an MDT meeting and
   b. negotiate attorneys' fees for work performed prior to the resolution meeting
   is a necessary attendee at any resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.
5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | SHO |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | D███ G███ |
| *# of pages:* | 3 |
| *Notes:* | Due Process Complain |

2007 JAN 24 PM 1:59
DC PUBLIC
SCHOOL SYSTEM

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

93

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556



# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Attorney:Douglas Tyrka, Esq.**
**Parent: Toloria Gant**

Telephone Number: **(202) 265-4260**          Pages: **3**
Fax Number: **(202) 265-4264**                Date: **January 24, 2007**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **D█████ G███**
School:  **Attending Rock Creek Academy**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

                              **Thank You**
                              **Marica Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

94

**Complaint Intake Unit**
**825 North Capitol Street, NE- 8th Fl.**
**Washington, DC 20002**
**(202) 442-5693**



# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
                           **Special Education Coordinator**

Telephone Number: **(202) 378-1396**           Pages: **6**
           Fax Number: **(202) 237-7369**           Date: **January 24, 2007**

---

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: D████ G████

School:  **Rock Creek Academy**

**The complaint Intake Unit is responsible for only providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office.  If you have questions about the attached Notice, regarding any fax errors or discrepancies, please contact the Complaint Intake Unit @ (202) 724-6556.**

                                                    **Thank You,**
                                                    **Marica P. Brown**
                                                    **Staff Assistant**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION
STUDENT HEARING OFFICE

```
-----------------------x
In the Matter of:        :
                         :
D██████ G███.            :
-----------------------x
```

825 North Capitol Street, NE.
Washington, D.C.

Monday, March 26, 2007

The HEARING in this matter began at

approximately 9:07 a.m., pursuant to notice.

BEFORE:

CY DUBOW

Hearing Officer

96

2

```
 1    APPEARANCES:

 2        On behalf of Complainant:

 3            DOUGLAS TYRKA, ESQUIRE
              Rosenau & Rosenau
 4            1304 Rhode Island Avenue, NW.
              Washington, D.C. 20009
 5            (202) 387-8680

 6        On behalf of Respondent:

 7            AARON E. PRICE, ESQUIRE
              Office of General Counsel
 8            District of Columbia Public Schools
              825 North Capitol Street, NE., 7th floor
 9            Washington, D.C., 20002
              (202) 442-5000

10

11

12

13                    *    *    *    *    *

14

15

16

17

18

19

20

21

22
```

3

```
 1                P R O C E E D I N G S
 2              MR. DUBOW:  Okay, we're on the
 3     record.  Today is Thursday, March 26, 2007.
 4     This is administrative hearing for D█████
 5     G███.  I'll ask the parties to introduce
 6     themselves for the record.  Mr. Price.
 7              MR. PRICE:  Good morning again.
 8     Aaron E. Price, attorney advisor, appearing
 9     on behalf of the District of Columbia Public
10     Schools.
11              MR. TYRKA:  Good morning.  Douglas
12     Tyrka, counsel for the Parent.
13              MR. DUBOW:  Did you reach an
14     agreement on this case?
15              MR. PRICE:  No.
16              MR. DUBOW:  This hearing is being
17     conducted pursuant to the Individuals with
18     Disabilities Education Act, its amendments in
19     2004 and '97, and DCPS regs, to determine
20     whether or not DCPS acted in accordance with
21     these applicable laws with regard to D█████
22     G███.  I'm Cy DuBow, an impartial hearing
```

4

1    officer.  I'm not an employee of DCPS nor am

2    I related to or a close acquaintance of the

3    student other than through the hearing

4    process, your both sides, and act only on the

5    evidence presented.  Is the formal reading of

6    rights waived?

7           MR. TYRKA:  Yes.

8           MR. DUBOW:  Formal reading of

9    rights is waived and my decision will be

10    within 10 days.  All matters discussed today

11    are confidential.  The hearing is being

12    recorded.  Either party may request a copy of

13    the hearing by writing to the Student Hearing

14    Office.  Preliminary matter, documents

15    labeled DG 1 through 7, for the Parent, is

16    that correct?

17           MR. TYRKA:  Yes.

18           MR. DUBOW:  The document in record

19    and DCPS 1 through 3 entered into the record

20    at this time.  Any other preliminary matter?

21           MR. PRICE:  For the record DCPS

22    presents its -- the jurisdictional --

BETA COURT REPORTING
www.betareporting.com
(202) 464-2400    800-522-2382

5

```
 1              MR. DUBOW:  Did you file a motion

 2    on this?

 3              MR. PRICE:  No, there is no motion,

 4    written motion on that.

 5              MR. DUBOW:  Oh, okay.  So -- well,

 6    the same ruling with regard to noncompliance

 7    with the standard operating procedures.  Mr.

 8    Tyrka, go ahead, opening statement.

 9              MR. TYRKA:  I also have a motion

10    for summary judgment.  I've received a

11    response.

12              MR. DUBOW:  Is that in here?

13              MR. TYRKA:  Yes.  Well, I'm not

14    sure if it is or not.  I have an extra copy

15    with me.  If it's not there I'll make an

16    extra copy.

17              MR. DUBOW:  I don't have it in my

18    file.  Well, maybe I should --

19              MR. TYRKA:  Filed and served it on

20    the 13th.

21              MR. DUBOW:  Yeah, I don't have it.

22              MR. TYRKA:  And also a motion for
```

6

1    default as well.

2            MR. DUBOW:  Wait a minute, I have

3    something in the back here.  I have a motion

4    for summary adjudication.

5            MR. TYRKA:  Okay, you have that

6    one.  I think the Hearing Officer is familiar

7    with my motion for default too.  I mean --

8            MR. DUBOW:  All right.  I'll -- I

9    want to see that.  Maybe I have something

10   back here.

11           MR. TYRKA:  That was filed more

12   recently.  That was filed on the 19th.

13           MR. DUBOW:  Okay, what's the issue

14   in this case?  Why don't you go ahead and

15   tell me what the issues are?

16           MR. TYRKA:  Sure.  (off mike)

17   settlement agreements, we have that disclosed

18   as our number 3.  And as we state, DCPS has

19   not convened a meeting as required.

20           MR. DUBOW:  So the purpose of

21   convening an MDT meeting is to develop a

22   Comp-Ed plan, prepare the terms of HODs in

7

1    August and November, is that --

2              MR. TYRKA:  Right.

3              MR. DUBOW:  The student is now at

4    High Road?

5              MR. TYRKA:  Correct.

6              MR. DUBOW:  High Road.

7              MR. TYRKA:  Excuse me, Rock Creek.

8              MR. DUBOW:  Rock Creek, sorry.

9    Rock Creek.

10             MR. TYRKA:  So we're asking for an

11   order to --

12             MR. DUBOW:  But the -- what do --

13   those previous HODs, are they here?

14             MR. PRICE:  No.

15             MR. TYRKA:  They are not here, no.

16             MR. DUBOW:  What did they order?

17             MR. TYRKA:  It was Comp-Ed for

18   violations prior to the time the (off mike)

19   was made.

20             MR. DUBOW:  Did they just -- did

21   they order just a Comp-Ed discuss and

22   determine or did they order a specific

8

```
 1    amount, did they do something --

 2              MR. TYRKA:  Discussing and

 3    determine.

 4              MR. DUBOW:  So they didn't order a

 5    specific amount, they just said, we'll

 6    discuss and determine and if warranted

 7    develop a Comp-Ed plan type of language?

 8              MR. TYRKA:  Correct.

 9              MR. DUBOW:  So --

10              MR. TYRKA:  So we're asking for a

11    meeting to finally --

12              MR. DUBOW:  Discuss and determine?

13              MR. TYRKA:  Discuss and determine

14    and also for the violation of the settlement

15    agreement.

16              MR. DUBOW:  Go ahead, Mr. Price.

17              MR. PRICE:  DCPS presents that the

18    Comp-Ed discussion did in fact occur.  It

19    occurred at the IEP meeting, which is little

20    bit late, but it did --

21              MR. DUBOW:  That's your number 3?

22              MR. PRICE:  That's correct.
```

9

```
 1              MR. DUBOW:  Number 3.

 2              MR. TYRKA:  I actually didn't have

 3    any documents attached to mine.  I didn't

 4    realize there were any but this witness list.

 5              MR. DUBOW:  Let's see, I have the

 6    complaint.

 7              MR. TYRKA:  Oh yes, the one you

 8    mentioned.

 9              MR. PRICE:  Yeah, they both were

10    together.

11              MR. TYRKA:  Do you have a copy?

12              MR. PRICE:  I have it.  I think I

13    have an extra copy.  I think that there might

14    be --

15              MR. DUBOW:  Is it -- you say IEP

16    but I have a document that says resolution

17    meeting notes.

18              MR. PRICE:  That's one document.

19              MR. DUBOW:  The other one is

20    further on?

21              MR. PRICE:  It should be part of

22    the IEP.  The IEP is the last document.
```

10

1          MR. DUBOW:  This is the last.

2          MR. PRICE:  At that IEP it was

3   discussed and determined that the student was

4   -- Comp-Ed was not warranted.  With respect

5   to the time limits, I believe DCPS

6   acknowledges and concedes that point.

7          MR. DUBOW:  There are MDT notes

8   behind the IEP?

9          MR. PRICE:  There should have been.

10          MR. DUBOW:  Do you have them?  I

11   don't have them.

12          MR. PRICE:  Mr. Tyrka is looking at

13   my copy.

14          MR. DUBOW:  I have an IEP.

15          MR. TYRKA:  I don't see anything

16   here, but --

17          MR. DUBOW:  I have an IEP of

18   3/22/06, no -- is that the one?

19          MR. PRICE:  No, it's 3/22/07 -- no,

20   I'm sorry, it's 2/27/07.  No -- forgive my

21   misrepresentation.  That document is not

22   attached, I'm sorry.  The IEP -- the 2/27/07

1    IEP is not attached, I'm sorry.

2              MR. DUBOW:  Are you presenting that

3    there was an IEP done in '07?  I have the --

4    I have 1/31/07 resolution meeting that that's

5    -- and you're saying subsequent to that there

6    was an IEP --

7              MR. PRICE:  Subsequent to that

8    there was an IEP meeting, yes.

9              MR. DUBOW:  IEP meeting.

10              MR. PRICE:  Yes.  The confirmation

11    for that meeting is attached.  The IEP itself

12    is not.

13              MR. DUBOW:  And where is that

14    confirmation record?

15              MR. PRICE:  It's right in front of

16    those -- the advocate's notes that the

17    resolution starts from.

18              MR. DUBOW:  So this one, this

19    document?

20              MR. PRICE:  That's the

21    confirmation.

22              MR. DUBOW:  This is dated 1/26/07

12

1    and it says the meeting is scheduled for

2    1/26/07.  I'm a little confused here.

3           MR. PRICE:  The person that wrote

4    it was a little confused as well.  That's the

5    date the confirmation went out; the date of

6    the meeting is just inappropriately written

7    on here.

8           MR. DUBOW:  Well --

9           MR. PRICE:  I understand.

10          MR. DUBOW:  Huh?

11          MR. PRICE:  Nothing.

12          MR. DUBOW:  Okay.  So I -- then we

13   have a resolution meeting that's held, 1 --

14   after that --

15          MR. PRICE:  30 --

16          MR. DUBOW:  1/31/07.

17          MR. PRICE:  That was after the

18   invitation went out but before the actual

19   meeting.

20          MR. DUBOW:  Do you have any wish to

21   -- so you're saying that they did hold a

22   meeting and they did discuss and determine

```
1    Comp-Ed, but they found that it wasn't

2    warranted?

3              MR. PRICE:  That's correct.

4              MR. DUBOW:  That you can see that

5    they took too long to hold the meeting?

6              MR. PRICE:  That's correct.

7              MR. DUBOW:  Okay.  Now, the only

8    thing I have relating to -- I have a

9    confirmation of meeting notice that's -- on

10   1/26 it says there will be a meeting on 1/26

11   to discuss Comp-Ed.  Then I have a 1/31/07

12   resolution meeting note that says that D.C.

13   proposes within 20 days to have a meeting to

14   discuss and determine Comp-Ed.  That's all I

15   have.

16             MR. PRICE:  Yes.

17             MR. DUBOW:  Okay.  Okay, so do

18   parties stipulate that they had such a

19   meeting and discussed and determined Comp-Ed

20   or not -- that they didn't?

21             MR. TYRKA:  I don't -- I haven't

22   heard the claim until just now.
```

14

1          MR. PRICE:  I mean, the (off mike)

2     was there, so I mean, you know whether or not

3     --

4          MR. TYRKA:  I can check, I can

5     check.

6          MR. PRICE:  -- the meeting

7     occurred.

8          MR. TYRKA:  No, I can -- I can

9     obviously verify.

10         MR. DUBOW:  What -- the relief you

11    wanted was for a meeting to discuss and

12    determine Comp-Ed.

13         MR. PRICE:  Right.

14         MR. DUBOW:  That was the relief you

15    requested.

16         MR. PRICE:  Correct.

17         MR. TYRKA:  Assuming you have any

18    evidence saying that it -- that that

19    happened.

20         MR. DUBOW:  And the last thing you

21    have in your documents, Mr. Tyrka, is --

22         MR. TYRKA:  The very last thing is

1    our request for records.  Before that we have

2    a complaint on January 24th.

3              MR. DUBOW:  All right, the burden

4    is on you to show they didn't hold the

5    meeting.

6              MR. TYRKA:  Well --

7              MR. PRICE:  I think the --

8              MR. DUBOW:  I mean, the point --

9    the difficulty is if they did hold the

10   meeting and they did discuss and determine

11   it, I mean, for me to go and order the same

12   thing when they already did it, I don't want

13   to -- and if your educational advocate is

14   aware of that --

15             MR. TYRKA:  -- finish that, why

16   don't I do a little check of --

17             MR. DUBOW:  Why don't you check and

18   get back to me?  And submit something to me

19   in writing, I mean, either side, as to these

20   notes, as to what happened at the meeting or

21   give an opportunity to the other side to look

22   at the notes and your advocate to look and

16

1 respond to me as to what happened on this

2 sometime in -- I assume this meeting was in

3 February or March.

4    MR. TYRKA:  I can jump right out

5 and I can probably get her on the phone.

6    MR. PRICE:  It was 2/27/07.

7    MR. DUBOW:  27/07.

8    MR. TYRKA:  I should be able to --

9 this is a 2-minute phone call.

10    MR. DUBOW:  All right, I'll go off

11 the record.

12     (Recess)

13    MR. DUBOW:  Back on the record.

14    MR. TYRKA:  My information is that

15 they refused to talk about Comp-Ed, claiming

16 that it had been discussed earlier, that --

17 that's in the notes themselves.  So we --

18 maybe what we want to do is put the filing

19 afterwards.

20    MR. DUBOW:  All right.  I'm going

21 to ask the parties if they can submit to me

22 in writing these -- this February 27th

17

1    meeting, if you can just submit to me -- both

2    sides -- what -- the MDT notes of those

3    meeting -- of that meeting, so I know whether

4    or not they did discuss and determine Comp-Ed

5    or not.  Is that all right?

6             MR. PRICE:  All right.

7             MR. DUBOW:  I mean, you have -- the

8    educational advocate usually also has notes

9    also.

10            MR. TYRKA:  Yeah, I have notes and

11   I'll -- you know, do an affidavit if

12   necessary --

13            MR. DUBOW:  Make sure I get the

14   complete set.  Okay, thank you all.  Case is

15   submitted.  Okay, I haven't --

16            (Whereupon, the HEARING was

17            adjourned.)

18                *   *   *   *   *

19

20

21

22