## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**TOLORIA GANT**                        )
        **Plaintiff,**  )
                                        )
                                        )     **Civil Action No. 07-1423**
**v.**                                  )     **RJL**
                                        )
                                        )
**DISTRICT OF COLUMBIA**                )
        **Defendant.**  )
_____)

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Toloria Gant hereby respectfully moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. In support of her Motion, Ms. Gant submits the attached Memorandum.

For the reasons stated in the attached Memorandum, the Plaintiff respectfully requests that this Court grant her summary judgment on her claim and order the Defendant immediately to convene a multidisciplinary team meeting, and at that meeting to develop an appropriate compensatory education plan to compensate her son D.G. consistent with the terms of a December 18, 2006 settlement agreement, with additional compensatory education for the violation of that agreement.

Respectfully submitted,

/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **TOLORIA GANT** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-1423** |
| **v.** | ) | **RJL** |
| | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **Defendant.** | ) | |

_____)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Plaintiff, Toloria Gant, brought this case on behalf of her minor son D.G. under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., following an administrative hearing of these same claims. The Hearing Officer denied her any relief and dismissed her case.

Following that decision, Ms. Gant filed an administrative motion for reconsideration of the Hearing Officer's Determination, largely identical to this Motion. The Hearing Officer never ruled on that motion.

Ms. Gant seeks an order from this Court enjoining the Defendant immediately to convene a multidisciplinary team ("MDT") meeting, and at that meeting to develop an appropriate compensatory education plan to compensate D.G. consistent with the terms of a December 18, 2006 settlement agreement, with additional compensatory education for the violation of that agreement.

## BACKGROUND

Ms. Gant's son D.G. is an eleven-year-old boy who has been determined qualified for special education as a child with an emotional disability. R. at 16.[1] D.G. has been placed in a full-time special education placement to accommodate his disabilities, and he currently attends Rock Creek Academy ("RCA"). R. at 2, 16.

In a December 18, 2006 Settlement Agreement, the District of Columbia Public Schools ("DCPS") agreed to convene an MDT meeting "within fifteen (15) school days to develop a compensatory education plan" per the terms of two earlier Hearing Officer's Determinations ("HODs"). Ans. ¶ 7; R. at 40. DCPS did not convene an MDT meeting for D.G. between December 18, 2006 and January 24, 2007. Ans. ¶ 9; R. at 82.

On January 24, 2007, the Plaintiff filed an administrative "due process complaint" with DCPS, alleging that DCPS had failed to comply with the December 18, 2006 settlement agreement. R. at 91. The Plaintiff's January 24, 2007 administrative complaint was scheduled to be hearing on March 26, 2007. R. at 2.

On March 13, 2007, the Plaintiff filed a written motion for summary adjudication, and March 19, 2007, she filed a written motion for entry of default, alleging DCPS' failure to provide a Response to the administrative complaint in compliance with 20 U.S.C. § 1415(c)(2)(B)(i)(I). R. at 54, 70. DCPS did not file an opposition to either administrative motion. R. at 1-95. At the hearing, the Hearing Officer held the motions for default and summary judgment in abeyance; the Hearing Officer never ruled on either motion. See Hr'g Tr. at 6; R. at 2-4.

---

[1] At the time the Plaintiff filed her Complaint, D.G. was ten years old. Compl. ¶4. He has since turned eleven.

Prior to the hearing, the Plaintiff on March 19, 2007, and DCPS on March 20, 2007 exchanged "five-day disclosures" pursuant to 34 C.F.R. § 300.512(b)(1). R. at 6, 34. DCPS disclosed three documents: Due Process Complaint Disposition Documents dated January 31, 2007, a meeting confirmation dated January 26, 2007, and an individualized education program ["IEP"] dated March 22, 2006. R. at 6.[2] At the Hearing, DCPS counsel presented for the first time the notes of a February 27, 2007 MDT meeting, and contended that the MDT had determined at that meeting that D.G. was not entitled to compensatory education. See, e.g., Hr'g Tr. at 10:2-5.

After a brief inquiry, Plaintiff's counsel stated, regarding the February 27, 2007 meeting, that "they refused to talk about Comp-Ed, claiming that it had been discussed earlier, . . .that's in the notes themselves." Hr'g Tr. 16:15-17.

On March 27, 2007, the Hearing Officer issued a written Hearing Officer's Determination ("HOD") of the Plaintiff's administrative complaint. R. at 2. In the HOD, relying on the February 27, 2007 MDT meeting notes, the Hearing Officer denied the Plaintiff's claim and dismissed her complaint. R. at 4.

On April 10, 2007, the Plaintiff filed a written motion for reconsideration of the March 27, 2007 HOD. Exhibit 1.[3] No order was ever issued on the Plaintiff's motion for reconsideration. R. at 1-95.

The Plaintiff has brought her present Complaint before this Court to obtain a judgment ordering the Defendant (through its agency DCPS) immediately to convene an

---

[2] DCPS did not disclose the notes from the February 27, 2007 MDT meeting (R. at 33) until after the March 26, 2007 hearing had occurred. R. at 6; Hr'g Tr. at 10-11 ("…the 2/27/07 IEP is not attached [.]").
[3] The Plaintiff's motion was not included in the administrative record as filed by the Defendant. The Defendant does not dispute the filing of the motion. See Ans. ¶ 13. The Plaintiff attaches as Exhibit 1 her administrative motion, with exhibits, as well as fax confirmations indicating that the motion was faxed (per IDEA administrative practice in this jurisdiction) to the Hearing Officer and to DCPS' Office of the General Counsel on April 10, 2007. Exhibit 1 at 10-11.

MDT meeting, and at that meeting to develop an appropriate compensatory education plan to compensate her son D.G. consistent with the terms of the December 18, 2006 settlement agreement, with additional compensatory education for the violation of that agreement.

The Plaintiff has vigorously attempted to settle this matter with the Defendant out of court, with no success.

## STATUTORY FRAMEWORK

The IDEA, 20 U.S.C. § 1400, et seq., guarantees "that all children with disabilities have available to them free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.300.

"The primary vehicle for implementing these congressional goals is the [IEP]…Prepared at meetings between a representative of the local school district, the child's teacher, the parents or guardians, and, whenever appropriate, the disabled child, the IEP sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1988).

Congress has also afforded parents several procedural safeguards. See 20 U.S.C. § 1415. Among them are the right to an administrative "due process hearing," and the right of "[a]ny party aggrieved by the findings and decision" at a due process hearing "to bring a civil action with respect to the complaint presented...in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

## SUMMARY JUDGMENT STANDARD

In general, summary judgment is appropriate when the record as a whole shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When considering a motion for summary judgment, a trial court must draw all justifiable inferences in the non-moving party's favor, but the non-moving party may not rely on mere conclusory allegations, and "must present significant probative evidence tending to support" its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In a summary judgment motion, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Unlike typical judicial review of administrative action, in suits filed under the IDEA following an administrative hearing, the court bases its decision on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(B)(iii). "The district court's standard of review under the IDEA is less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." Scorah v. District of Columbia, 322 F. Supp. 12, 16 (D.D.C. 2004) (citing Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988) and Kroot v. D.C., 800 F. Supp. 976, 981 (D.C.C. 1992)). Still, the Plaintiff must persuade the court that the hearing officer was wrong, and the court must explain its basis for ruling against the hearing officer. See Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988).

6

**ARGUMENT**

**I.    THE HEARING OFFICER SHOULD HAVE RULED BY DEFAULT OR SUMMARY JUDGMENT, AND SHOULD NOT HAVE CONSIDERED THE EVIDENCE UPON WHICH THE HOD IS BASED**

The Hearing Officer appears to have based his decision on notes from a February 27, 2007 MDT meeting. DCPS did not refer to those notes in its Response to the Complaint or in any opposition to the Plaintiff's two pre-hearing motions (of which there was none). Equally importantly, DCPS did not disclose the notes as intended evidence prior to the hearing, in clear contravention of 34 C.F.R. § 300.512(b)(1). R. at 4; see R. at 86.[4] The Plaintiff had no reason to suspect DCPS would present the defense that it did, and therefore no opportunity for a fair hearing on the issue. The procedural rules of the IDEA, the Rules of Civil Procedure, and the centuries-old principles of due process in an adversarial system exist to prevent exactly this sort of surprise.

The Plaintiff filed a due process complaint on January 24, 2007, claiming that DCPS failed to comply with two prior HODs and a December 18, 2006 Settlement Agreement requiring DCPS to convene an MDT meeting on of before January 22, 2007. R. at 91. In a document identified as a "Response,"[5] DCPS acknowledged that it had failed to convene the required meeting, and that it had only begun attempting to schedule the meeting after the Plaintiff's administrative complaint was filed. R. at 86. DCPS made no claims in its Response to suggest that it had complied with the December 18, 2006 Settlement Agreement. Id.

---

[4] The meeting notes do not actually prove DCPS' compliance with its obligations, an issue which is addressed in Argument II of this Motion.
[5] As the Plaintiff argued in her administrative motion for entry of default and default judgment, DCPS' "Response" fails to comply with the requirements of the IDEA. See 20 U.S.C. § 1415(c)(2)(B)(i)(I).

The Plaintiff filed an administrative motion for summary judgment on March 13, 2007 in which she argued that DCPS had not complied with its obligations under the August 7, 2006 and November 9, 2006 HODs and the December 18, 2006 Settlement Agreement. R. at 70. DCPS filed no opposition to the Plaintiff's administrative motion for summary judgment. R. at 1-95.

The Plaintiff filed an administrative motion for entry of default and default judgment on March 19, 2007 for DCPS' failure to respond to the Plaintiff's administrative complaint in accordance with IDEA requirements. R at 54. Again, DCPS did not respond to the Plaintiff's administrative motion. R. at 1-95.

DCPS submitted its five-day disclosures in this case on March 20, 2007, identifying three documents. R. at 6. DCPS did not disclose the February 27, 2007 meeting notes, the document on which the Hearing Officer based his decision. Id.

In sum, prior to the hearing in this case, DCPS had essentially admitted its violation of the Settlement Agreement in its Response, had declined to oppose the Plaintiff's administrative motions for default and for summary judgment, had declined to disclose the document upon which the Hearing Officer now relies, and had in no way presented any defense to the allegations in the complaint. R. at 1-95.

The reasons to require compliance with procedural requirements of notice are manifold. Had DCPS presented its alleged defense in its "Response," or at any point in the pre-hearing process, the Plaintiff could have prepared a rebuttal to DCPS' arguments or, alternatively, dropped her case entirely, saving the Parties and the system time and expense.

DCPS robbed the Plaintiff of her right to those opportunities when it willfully declined to comply with the law. See Hr'g Tr. at 13 ("I don't – I haven't heard the claim until just now."). The Hearing Officer's decision approves DCPS' unfair and illegal procedural practices, thereby encouraging them to continue such practices. Accordingly, the Hearing Officer erred both in admitting and in relying upon DCPS' improper evidentiary offering.

## II. THE HEARING OFFICER MISINTERPRETED THE SIGNIFICANCE OF DCPS' EXHIBIT

DCPS counsel contended at hearing that the February 27, 2007 MDT meeting notes prove that DCPS had met its prior obligations, but a broader analysis reveals that this is clearly not the case. See Hr'g Tr. 10:2-5. Had the Plaintiff been afforded the opportunity to do so, she would have proved this at the hearing. As it is, the Plaintiff was forced to present her arguments in her administrative motion for reconsideration, which the Hearing Officer ignored entirely.

The statement from the February 27, 2007 meeting notes upon which the Hearing Officer appears to have relied reads: "Comp ed. was discussed at last meeting and doesn't appear to be warranted at this time." R. at 33. That note is both false and irrelevant to the issues in the hearing.

### A. The Statement Relied Upon Was False.

The Hearing Officer relied upon the statement in the February 27, 2007 notes that "[c]omp ed. was discussed at last meeting." R. at 33. To the contrary – or at least to the contrary of the Hearing Officer's interpretation of that statement – compensatory education was not finally determined that the prior meeting, held on November 14, 2006.

9

The November 14, 2006 MDT meeting was convened at Rock Creek Academy. Exhibit 1 at 13. DCPS was invited to the meeting but did not attend. See id. A discussion of compensatory education resulted in a determination that compensatory education was warranted. Id. Specifically, "the classroom teachers, as well as the speech pathologist fe[lt] that [D.G.] would benefit from having tutorial services. [D.G.] need[ed] academic support for reading, written language, and math. Parent and advocate ha[d] asked for compensatory education since his IEP meeting that was held 11.12.2004., DCPS refused to devise comp. ed. plan." Id.

To the degree that the February 27, 2007 notes contend, as the Hearing Officer interpreted them to do, that compensatory education had been finally resolved at the November 14, 2006 meeting, the notes are unquestionably false.

**B.  The Statement Relied Upon Was Logically Irrelevant.**

The Plaintiff alleged the violation of a Settlement Agreement dated December 18, 2006. R. at 24, 91. Specifically, the Plaintiff alleged the failure to convene an MDT meeting to develop a compensatory education plan pursuant to that Agreement. R. at 91. Needless to say, a meeting held in compliance with that Agreement could only have occurred after December 18, 2006, the date of the Agreement.

The occurrences "at the last meeting," as referred to in the February 27, 2007 notes, could only have been relevant if that meeting had occurred since December 18, 2006. It plainly had not; the only MDT meeting alleged by either party to have occurred between the date of the Agreement and the date of the hearing was the February 27, 2007 meeting.

The only relevant question at the hearing, then, was whether the Agreement objectives had been completed at the February 27, 2007 meeting. There was no suggestion, evidence, or finding that the objectives had been completed at that meeting, and it was clear from the notes that no discussion and determination of compensatory education had occurred.

Its incorrectness aside, the Hearing Officer's finding of what had occurred at the meeting preceeding the February 27, 2007 meeting was completely irrelevant to the Plaintiff's claim that DCPS had violated the Settlement Agreement, because "the last meeting" had occurred before the date of the Settlement Agreement. Simply put, DCPS could not have complied with the Agreement before it was executed.

## CONCLUSION

The Hearing Officer should not have considered the evidence submitted by DCPS after the hearing, and in fact should have refused even to hear argument on the point. Regardless, the Hearing Officer's findings from that evidence are both demonstrably false and logically irrelevant.

Because the undisputed facts establish that the Hearing Officer erred and that DCPS failed to comply with the December 18, 2007 Settlement Agreement, the Court should grant the Plaintiff summary judgment on her claims and order the relief requested in her Motion.

Respectfully submitted,

/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260

11

(f) (202) 265-4264
tyrka@tyrkalaw.com

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | )  |
| **TOLORIA GANT** | )  |
|            **Plaintiff,** | )  |
| | )    **Civil Action No. 07-1423** |
| **v.** | )    **RJL** |
| | )  |
| | )  |
| **DISTRICT OF COLUMBIA** | )  |
|            **Defendant.** | )  |
| _____ | )  |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Ms. Gant's son D.G. is an eleven-year-old boy who has been determined qualified for special education as a child with an emotional disability. R. at 16.[1]

2. D.G. has been placed in a full-time special education placement to accommodate his disabilities, and he currently attends Rock Creek Academy ("RCA"). R. at 2, 16.

3. In a December 18, 2006 Settlement Agreement, the District of Columbia Public Schools ("DCPS") agreed to convene an MDT meeting "within fifteen (15) school days to develop a compensatory education plan" per the terms of two earlier Hearing Officer's Determinations ("HODs"). Ans. ¶ 7; R. at 40.

4. DCPS did not convene an MDT meeting for D.G. between December 18, 2006 and January 24, 2007. Ans. ¶ 9; R. at 82.

5. On January 24, 2007, the Plaintiff filed an administrative "due process complaint" with DCPS, alleging that DCPS had failed to comply with the December 18, 2006 settlement agreement. R. at 91.

---

[1] At the time the Plaintiff filed her Complaint, D.G. was ten years old. Compl. ¶4. He has since turned eleven.

6. The Plaintiff's January 24, 2007 administrative complaint was heard at a March 26, 2007 administrative hearing. R. at 2.

7. On March 13, 2007, the Plaintiff filed a written motion for summary adjudication. R. at 70.

8. On March 19, 2007 the Plaintiff filed a written motion for entry of default. R. at 54.

9. DCPS did not file an opposition to either of the Plaintiff's administrative motions. R. at 1-95.

10. On March 19, 2007, the Plaintiff served on DCPS its "five-day disclosures" pursuant to 34 C.F.R. § 300.512(b)(1). R. at 34.

11. On March 20, 2007, DCPS served on the Plaintiff its "five-day disclosures" pursuant to 34 C.F.R. § 300.512(b)(1). R. at 6.

12. DCPS disclosed three documents: Due Process Complaint Disposition Documents dated January 31, 2007, a meeting confirmation dated January 26, 2007, and an individualized education program ["IEP"] dated March 22, 2006. R. at 6.

13. DCPS did not disclose or offer as evidence any notes of a February 27, 2007 meeting until after the conclusion of the March 26, 2007 hearing. R. at 6; Hr'g Tr. at 10-11.

14. On March 27, 2007, the Hearing Officer issued a written determination of the Plaintiff's administrative complaint. R. at 2.

15. On April 10, 2007, the Plaintiff filed a written motion for reconsideration of the March 27, 2007 HOD. Ans. ¶ 9; Exhibit 1.[2]

---

[2] The Plaintiff's motion was not included in the administrative record as filed by the Defendant. The Defendant does not dispute the filing of the motion. See Ans. ¶ 13. The Plaintiff attaches as Exhibit 1 her

16. No order was ever issued on the Plaintiff's motion for reconsideration. R. at 1-95.

Respectfully submitted,

/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

---

administrative motion, with exhibits, as well as fax confirmations indicating that the motion was faxed (per IDEA administrative practice in this jurisdiction) to the Hearing Officer and to DCPS' Office of the General Counsel on April 10, 2007. Exhibit 1 at 10-11.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| **TOLORIA GANT** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-1423** |
| **v.** | ) | **RJL** |
| | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **Defendant.** | ) | |

_____)

## <u>PROPOSED ORDER</u>

Upon consideration of the Plaintiff's Motion for Summary Judgment and any

opposition thereto, it is hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that the Defendant shall immediately convene an MDT meeting, and at that

meeting shall develop an appropriate compensatory education plan to compensate D.G.

consistent with the terms of the December 18, 2006 settlement agreement, with additional

compensatory education for the violation of that agreement.

SO ORDERED.

_____
Richard J. Leon
United States District Judge

**Before the**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION**

| | | |
|---|---|---|
| **In re D&#9608;&#9608;&#9608; G&#9608;&#9608;**, | ) | Seymour DuBow, Esq. |
| Special Education Student, | ) | Due Process Hearing Officer |
| | ) | |

## PETITIONER'S MOTION FOR RECONSIDERATION

The Petitioner respectfully requests that the Hearing Officer reconsider his HOD of March 27, 2007. Specifically, the Petitioner asks that the Hearing Officer order DCPS to develop an appropriate compensatory education plan for D&#9608;&#9608;&#9608; consistent with the terms of two prior Hearing Officer's Determinations, dated August 7, 2006 and November 9, 2006, and a Settlement Agreement, dated December 18, 2006.

The Complaint in this case alleges that DCPS failed to discuss and determine compensatory education in accordance with the two HODs and Settlement Agreement. The March 27, 2007 HOD denied the Petitioner's requested relief, based on the Hearing Officer's reading of MDT notes from February 27, 2007. According to the HOD, the meeting notes indicate DCPS' substantial compliance with its obligations under the previous two orders and settlement agreement.

The Hearing Officer's order is both procedurally and substantively problematic. For the reasons articulated below, the Petitioner is entitled to her requested relief and respectfully requests the Hearing Officer reconsider his previous order.

## I.     AS A PROCEDURAL MATTER, THE EVIDENCE ON WHICH THE HOD IS BASED SHOULD NOT HAVE BEEN ADMITTED.

The undersigned counsel has argued time and again that the tactics DCPS employs in litigating IDEA cases are both unfair and unlawful. All too often, DCPS' practice creates the problems evident in this case.

The Hearing Officer based his decision on notes from a February 27, 2007 MDT meeting to which DCPS had not referred in its Response to the Complaint or in its (nonexistent) oppositions to the Petitioner's motions for summary judgment and default, and which DCPS did not disclose until after the hearing in this matter occurred.[1] The Petitioner never had any reason to suspect DCPS would present the defense that it did, and therefore no opportunity for a fair hearing on the issue. This sort of surprise is precisely what the procedural rules of the IDEA, the Rules of Civil Procedure and centuries old principles of due process in an adversarial system have been set up to avoid.

The Petitioner filed a due process complaint on January 24, 2007, claiming that DCPS failed to comply with two prior HODs and a Settlement Agreement requiring DCPS to convene an MDT meeting on of before January 22, 2007. In a document identified as a "Response",[2] DCPS acknowledged that it had failed to convene the required meeting, and that it had only begun attempting to schedule the meeting after the Petitioner's complaint was filed. DCPS said nothing in its Response to suggest that it had complied with the Settlement Agreement.

The Petitioner filed a Motion for Summary Judgment on March 13, 2007 in which she argued that DCPS had not complied with its obligations under the August 7, 2006 and

---

[1] The meeting notes do not actually prove DCPS' compliance with its obligations, an issue which is addressed in Section II of this Motion.

[2] As the Petitioner argued in her Motion for Entry of Default and Default Judgment, DCPS "Response" fails to comply with the requirements of the IDEA.

November 9, 2006 HODs and the December 18, 2006 Settlement Agreement. DCPS filed no response to the Petitioner's Motion for Summary Judgment.

The Petitioner filed a Motion for Entry of Default and Default Judgment on March 19, 2007 for DCPS' failure to respond to the Petitioner's complaint in accordance with IDEA requirements. Again, DCPS did not respond to the Petitioner's Motion.

At the hearing, the Hearing Officer held the motions for default and summary judgment in abeyance. The HOD did not address either motion.

DCPS filed disclosures in this case on March 20, 2007, identifying three documents. DCPS did not disclose the February 27, 2007 meeting notes, the document on which the Hearing Officer based his decision.

To summarize, prior to the hearing in this case, DCPS had essentially admitted its violation of the Settlement Agreement in its Response, had declined to oppose the Petitioner's motions for default and for summary judgment, had declined to disclose the document upon which the Hearing Officer now relies, and had in no way presented any defense to the allegations in the complaint.

The reasons to require compliance with procedural requirements of notice are manifold. Had DCPS presented its alleged defense in its "Response," or at any point in the pre-hearing process, the Petitioner could have prepared a rebuttal to DCPS' arguments or, alternatively, dropped her case entirely, saving the Parties and the system time and expense.

DCPS robbed the Petitioner of her right to those opportunities when it willfully declined to comply with the law. The Hearing Officer's decision approves DCPS' unfair and illegal procedural practices, thereby encouraging them to continue in their practices.

The Petitioner respectfully requests the Hearing Officer reconsider his decision to admit

DCPS' improper evidentiary offering, and his reliance thereon.

## II.     THE HEARING OFFICER MISINTERPRETED THE SIGNIFICANCE OF DCPS' EXHIBIT.

DCPS' contends that the February 27, 2007 meeting notes prove that DCPS had

met its prior obligations, but a broader analysis demonstrates that this is clearly not the

case. Had the Petitioner been afforded the opportunity to do so, she would have proved

this at the hearing. As it is, the Petitioner is left to present her arguments in this Motion,

which she urges the Hearing Officer to consider.

The written statement, from the February 27, 2007 meeting notes, on which the

Hearing Officer seemingly relies, reads: "Comp ed. was discussed at last meeting and

doesn't appear to be warranted at this time." Exhibit 1. The written statement is both false

and irrelevant to the issues the Hearing Officer was asked to determine.

### A.  Factual Falsity

On November 14, 2006, an MDT meeting was convened at Rock Creek

Academy. Exhibit 2. DCPS was invited to the meeting but did not attend. See id. A

discussion of compensatory education resulted in a determination that compensatory

education was warranted. Specifically, "the classroom teachers, as well as the speech

pathologist feels [sic] that [D████] would benefit from having tutorial services. D████

[sic] needs academic support for reading, written language, and math. Parent and

advocate has [sic] asked for compensatory education since his IEP meeting that was held

11.12.2004., DCPS refused to devise comp. ed. plan." Id.

Where the February 27, 2007 MDT meeting notes claim that compensatory

education was determined unwarranted, they are clearly factually incorrect.

4

**B. Chronological Irrelevance**

The chronology of the events in this case leads to the logical conclusion even had there been a determination "at the last meeting" that compensatory education was not warranted, DCPS was not relieved of its obligations to discuss and determine appropriate compensatory education at a meeting on or before January 22, 2007.

Prior to the February 27, 2007 MDT meeting, the last meeting at which DCPS participated was held on March 22, 2006. Since that time, DCPS violated an HOD dated August 7, 2006 that ordered DCPS to convene an MDT meeting on or before August 25, 2006. The Petitioner filed a due process complaint for that violation that resulted in a Consent Order on November 9, 2006 that required DCPS to convene a meeting within 15 school days.

When DCPS failed to convene the meeting as required by the November 9, 2006 HOD, the Petitioner filed a complaint that resulted in a Settlement Agreement dated December 18, 2006. The Settlement Agreement required DCPS to "Convene an MDT meeting within fifteen (15) school days to develop a compensatory education plan per the terms of the August 7, and November 9, 2006 HODs.

Therefore, whether the February 27, 2007 notes refer to the last meeting DCPS attended – on March 22, 2006 – or to the November 14, 2006 meeting, it has no bearing on DCPS' obligation to discuss and determine compensatory education in accordance with the Settlement Agreement, because those meetings occurred before the Settlement Agreement. Simply put, DCPS could not have complied with a settlement agreement before it was executed.

5

The notes from the February 27, 2007 meeting, even if improperly admitted and considered, do not exhibit any discussion of compensatory education; to the contrary, they exhibit a refusal to discuss it. Because no prior notes indicate that discussion, and because any such notes would in any case be irrelevant to the question of the violation of the December 18, 2006 Settlement Agreement, DCPS must be found in violation of the Settlement Agreement.

## CONCLUSION

The Hearing Officer should not have considered the evidence submitted by DCPS after the hearing, and in fact should have refused even to hear argument on the point. Regardless, though, that evidence does not support DCPS' position. Accordingly, the Petitioner respectfully requests the Hearing Officer reconsider his March 27, 2007 order, and grant the Petitioner's requested relief.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2007, I sent a copy of the foregoing by facsimile

to Counsel for the Respondent.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

7



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Hearing Officer Seymour DuBow |
| *Fax Number:* | 202-442-5556 |
| *From:* | Douglas Tyrka |
| *Regarding:* | D██ G██ |
| *# of pages:* | 8 |
| *Notes:* | Motion for Reconsideration |

CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| ***Recipient:*** | Aaron Price, Sr. |
| ***Fax Number:*** | 202-442-5098 |
| ***From:*** | Douglas Tyrka |
| ***Regarding:*** | D█████ G█████ |
| ***# of pages:*** | 8 |
| ***Notes:*** | Motion for Reconsideration |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘

                              TIME  : 04/10/2007 15:43
                              NAME  : TYRKA & ASSOCIATES
                              FAX   : 2022654264
                              TEL   : 2022654260
                              SER.# : 000A6J693992

┌───────────────────────────────────────────────────────────────────────┐
│   DATE,TIME              04/10  15:41                                   │
│   FAX NO./NAME           2024425556                                     │
│   DURATION               00:01:58                                       │
│   PAGE(S)                08                                             │
│   RESULT                 OK                                             │
│   MODE                   STANDARD                                       │
│                          ECM                                           │
└───────────────────────────────────────────────────────────────────────┘
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Hearing Officer Seymour DuBow |
| *Fax Number:* | 202-442-5556 |
| *From:* | Douglas Tyrka |
| *Regarding:* | D██ G██ |
| *# of pages:* | 8 |
| *Notes:* | Motion for Reconsideration |

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 04/10/2007 15:40
                                    NAME  : TYRKA & ASSOCIATES
                                    FAX   : 2022654264
                                    TEL   : 2022654260
                                    SER.# : 000A6J693992
```

```
DATE,TIME                  04/10  15:38
FAX NO./NAME               2024425097
DURATION                   00:02:01
PAGE(S)                    08
RESULT                     OK
MODE                       STANDARD
                           ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Aaron Price, Sr. |
| *Fax Number:* | 202-442-5098 |
| *From:* | Douglas Tyrka |
| *Regarding:* | D▮▮▮ G▮▮ |
| *# of pages:* | 8 |
| *Notes:* | Motion for Reconsideration |

Conference Summary for Student ID: 9075426                                    Page 1 of 1

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**

**MULTIDISCIPLINARY TEAM**
**(MDT)**
**MEETING NOTES**

**MDT REFERRAL DATE:**
**STUDENT:** G___ D___     **SCHOOL:** Rock Creek Academy          **MEETING DATE: 2/27/2007**

| PARTICIPANTS | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Sharon Millis | | Educational Advocate |
| Sherrie Waul | | DCPS-LEA Monitor |
| Ms. Long | | Special Educator |
| Ms. Haley | | Speech Pathologist |
| Ms. Kress | | Clinical Therapist |
| Ms. Page | | IEP Coordinator |

The purpose of today's meeting is to update D___'s IEP, discuss progress, and determine if comp ed. is due. DCPS was in attendance. A SEP will be devised for clinical and speech language evaluation.

Ms. Haley, CCC-SLP: He is a very bright young man. Some of things that he can focus on and accomplish are advance for his age group, especially when he is interested in the task at hand, but then there are times he can be invasive about doing work or pick and choose what he wants to do. With the up's and down's with his approach to learning impacts him mastering his goals. He needs to stay with the things that he is working on so he can master them and move on. Overall he is good in the therapy sessions, but there are days when he not interested, he is just not interested. D___ doesn't like to do things that have unit complexity. He enjoys things that are broken down. When his motivation is good it is absolutely superb, but this last quarter he has been doing very well. Currently, he receives .5 hr per/wk of speech therapy. Ms. Haley feels that he will master his vocabulary goal this quarter, and then his focus will be on analogies. D___ has the ability to use vocabulary words in sentences, but sometimes he seems he doesn't like to switch off on different task. Ms. Haley would like for him to have a new speech language evaluation.

Ms. Long, Special Educator: Teaches D___ reading and he is progressing toward his goals, but he does just enough to get by and he's not allowing himself to reach his potential. He is allowing negative behaviors interfere with his work progress. Most of the time he needs prompts and redirection. There are times he has to restart an activity in order to be successful. This isn't all of the time it really depends on the mood he is in. D___ doesn't avoid reading class, but when he has to write he will just do enough to get by.

Ms. Woldemichael, Math Teacher: Devise detail narrative. Please see attached narrative.

Ms. Kress, Clinical Therapist: Ms. Kress is not recommending a change in his hours, and he is paired with another student that he works well with. Ms. Kress keeps in touch with Ms. Woldemichael to make sure D___ is using the strategies to benefit.

The advocate wants to come back to the for D___ and it needs to be explored a little further, however it is DCPS position that compensatory education is not owed. Per Hillary Hoffman Peak comp. ed. is not due and it was discussed at the last meeting on 3/22/2006. Please see meeting notes from 3/22/2006.

Comp ed. was discussed at last meeting and doesn't appear to be warranted at this time.

D___ is a student that still requires special education services and he will receive .5 hr per/wk, 1 hr per/wk of clinical therapy, and 26.0 hrs per/wk of specialized instruction. Testing Level: II and accommodations: Periodic breaks, small group setting, and extra response time.

THE PARENT [✓] IS PRESENT [ ] IS NOT PRESENT AT THE MEETING
AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT G___ D___
[✓] CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION
[ ] IS TO BE EXITED FROM SPECIAL EDUCATION

https://www.e-ieppro2.com/rca/ConferenceSummary/prtConferenceSummaryMDT.asp?ID=490        2/27/2007

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**

**MULTIDISCIPLINARY TEAM**
**(MDT)**
**MEETING NOTES**

MDT REFERRAL DATE:
STUDENT: ___ G___ D_____    SCHOOL: __Rock Creek Academy__    **MEETING DATE: 11/14/2006**

| PARTICIPANTS | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Sharon Millis | *Sharon Willis* | Educational Advocate |
| Ms. Kress |  | Clinical |
| Ms. Woldemichael | *Ma Woldemichael* | Special Educator |
| Ms. Arvette Page | *Arvette* | IEP Coordinator |
| Ms. Long | *Ms L* | Special Educator |
| Ms. Haley | *Ms E Haley* | Speech Pathologist |

The purpose of today's meeting is to get an update on how D____ is doing and review his educational evaluation.

Ms. Page reviewed the educational evaluation. His broad reading: 104;4.3, broad math: 91; 2.8, and written language: 101; 4.2. He should have accommodations for his ADHS such as shorten tasks, frequent breaks, allowance for extra movement and a highly enthusiastic teacher.

Ms. Woldemichael, Special Educator: D____ is in Ms. Woldemic he can addnumbers with up to 5 digits whie regrouping. He is able to recall basic addition and subtraction facts easily and knows some multiplication and division facts. D____ has trouble staying on task. He often times does not complete his homework or his class work. He often forgets how to solve a porblem using the correct method or it takes him a while to recall the steps to solve the problems. In reading D____'s decoding & spelling skills are above grade level. His fluency skills are on grade level. D____'s distractability and impulsivity interferes with his learning. Ms. Woldemichael will take the mastery objective out and use his strength, which is reading for word problems.

Ms. Long, Special Educator: D____ is showing progress, but he hasn't mastered his goals. He is a bright student, but his behavior is hendering him from putting forth his best efforts. D____ has a hard time ignoring negative behavior. In class, he constantly needs prompted to ignore behavior. The behavior that Ms. Long is seeing currently wasn't the same type of behavior that he displayed last year. D____ hasn't been bringinng his homework back consistently. He does well in the classroom, but he just is struggling this year with the homework, so Ms. Long will work with Ms. Woldemichael and Ms. Kress to come up with some reinforcers.

Ms. Millis would like for Ms. Kress to follow-up with the parent regarding the medication.

Ms. Kress, Clinical Therapist: Devise a detail narrative. D____ is able to focus and engage in therapy. We are currently working on impulse control, (stop, think and act) as well as following directions and improving our peer interactions. While D____ come to hterpay eager to address his issues he continues to struggle with implementing the new techniques and skills he learns in the classroom. I have discussed several issues with his homeroom teacher and we are working as a team to help D____ in class with remaing focused, respecting peers, and impulse control. D____ reports not having his medication on a regular basis. This may be a factor contributing to his impulse control. D____ struggles with being respectful to his peers through his words and actions. We work on this goal in group through role play and discussion of in class scenarios. D____ often needs to have several prompts to disengage in negative interactionis with peers. D____ responds well to positive reinforcement as well as one to one attention. His impulse control, fidgeting and verbal outbursts are affecting his in class performance. I will be working closely with his teacher to help implement a specific intervention plan. This may involve some in class work. I will be working with the teahcer to create a more specific plan to help D____ in class. This may include in class work until we can get D____ on track.

Ms. Haley, Speech Pathology: D____ has started to be more cooperative this semester. He had a rough beginning since September, but the last couple of weeks he has refocused. D____ has a tendency to get caught up into a lot of things that can easily distract him. He seems to be settling and he has so much potential. When he is focused he works very hard. In the middle of one sessions he stated, "Ms. Haley you hate me." Ms. Haley has shown him that D____ is a hardworking student, but wanted it to be clear that some of his behaviors aren't accepted.

D____ is a student that still requires special education services. He will continue to receive speech, clinical therapy, and specialized instruction.

Comp. Ed. Discussions: According to the HOD dated May 19, 2006 DCPS was to convene a meeting to discuss and devise a comp. ed. plan; DCPS was invited, however did not attend. It is the parent and advocates position that they were prepared to move forward on the compensatory education issue, but was unable to do so due to lack of participation from DCPS. The classroom teachers, as well as speech pathologist feels that he would benefit from having tutorial services. D██████ needs academic support for reading, written language, and math. Parent and advocate has asked for compensatory education since his IEP meeting that was held 11.12.2004., DCPS refused to devise comp. ed. plan.


THE PARENT ☒ IS PRESENT ☑ IS NOT PRESENT AT THE MEETING
AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT  G██ D██████
☑ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION
☒ IS TO BE EXITED FROM SPECIAL EDUCATION

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| D█████ G████, STUDENT | ) | |
| | ) | |
| Date of Birth: ███████████, 1996 | ) | Hearing Date: July 18, 2006 |
| | ) | |
| Petitioner, | ) | Complaint Filed: May 19, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | Held at: 825 North Capitol Street, N.E. |
| PUBLIC SCHOOLS | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |
| Student Attending: | ) | |
| Rock Creek Academy | ) | |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Toloria Gant, Mother |
| | 1512 Queen Street, N.E. |
| | Washington, D.C. 20002 |
| | |
| **Counsel for Petitioner:** | Douglas Tyrka, Esquire |
| | Tyrka & Houck, LLP |
| | 1726 Connecticut Avenue, N.W.; Suite 400 |
| | Washington, D.C. 20009 |
| | (202) 265-4260; Fax: (202) 265-4264 |
| | |
| **Counsel for DCPS:** | Karen J. Herbert, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | D█████ G███ |
| Child's Parent(s) (specific relationship) | Toloria Gant |
| Child/Parent's Representative | Douglas Tyrka, Esquire |
| School System's Representative | Karen J. Herbert, Esquire |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a nine year-old student attending Rock Creek Academy ("RCA"). On May 19, 2006, Petitioner filed a Due Process Complaint Notice ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to comply with the terms of a hearing officer's decision ("HOD"). The due process hearing was convened on July 18, 2006. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. Neither party offered oral testimony at the hearing. The parties agreed to relief for Petitioner as is described in the Findings of Fact below.

**Findings of Fact**

1. Petitioner is a nine year-old student attending RCA.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

   a. Within twenty (20) days of the issuance of this decision, DCPS shall convene a Multidisciplinary Team ("MDT") meeting to review all current evaluations, update Petitioner's Individualized Education Program ("IEP"), and discuss Petitioner's need for compensatory education services. If the MDT determines that Petitioner requires compensatory education services, it shall develop a compensatory education services plan..
   b. DCPS shall coordinate scheduling all meetings through Petitioner's counsel.
   c. Any delay in meeting any of the deadlines attributable to Petitioner will extend DCPS' deadlines on a day-for-day basis.

**Conclusions of Law**

The parties' agreement is in Petitioner's best interests and its terms will be substantially included in the order below.[2]

---

[1] *Complaint* at 1.

3

# ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 7th day of August 2006, it is hereby

**ORDERED**, that on or before August 25, 2006, DCPS shall convene an MDT meeting to review all current evaluations and update Petitioner's IEP. DCPS shall coordinate scheduling the meeting through Petitioner's counsel, Tyrka & Houck, LLP, (202) 265-4260.

**IT IS FURTHER ORDERED**, that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact the appropriate DCPS Placement Specialist and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.[3]

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[2] The Order will not include a requirement to discuss compensatory education services. "Compensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a give period of time to provide a FAPE to a student..." *Reid v. District of Columbia*, 401 F.3d 516, 523-24 (D.C. 2005). "[C]ourts and hearing officers may award "educational services . . . to be provided prospectively to compensate for a past deficient program." *Id.* at 522. Thus, compensatory education services constitute relief to be awarded upon a finding of a violation of IDEA. In the absence of an agreement between the parties that a certain amount of such services are warranted, compensatory education services is not an appropriate subject of discussion for an MDT. In fact, the Court in Reid held that a hearing officer "may not delegate his authority to a group that includes an individual specifically barred from performing the hearing officer's functions." *Id.* at 526. Since the hearing officer is required to be independent of DCPS, the hearing officer may not delegate his authority to award compensatory education services to a team that includes an employee of DCPS. Rather than discuss compensatory education services, the MDT should determine an educational plan that meets Petitioner's unique needs. If the MDT is aware that Petitioner was deprived of services to which Petitioner was entitled for a finite period of time, an appropriate program may require services in addition to the traditional formula of specialized instruction and an hour or two per week of related services.
[3] If DCPS fails to contact Petitioner's counsel to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, Petitioner's counsel shall initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

4

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

Terry Michael Banks
Hearing Officer

Date:   August 7, 2006          Issued:   8/7/06

Copies to:

Douglas Tyrka, Esquire
Tyrka & Houck, LLP
1726 Connecticut Avenue, N.W.; Suite 400
Washington, D.C. 20009
(202) 265-4260; Fax: (202) 265-4264

Karen J. Herbert, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

5

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: November 9, 2006

TO: Douglas Tyrka

FROM: STUDENT HEARING OFFICE

RE: G▬, D▬

TOTAL NUMBER OF PAGES, INCLUDING COVER: 4

COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

*State Enforcement & Investigation Division*

### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

|  |  |
|---|---|
| In the Matter of | ) |
|  | ) |
| D████ G████, student | ) |
| Date of Birth: ██████, 1996 | ) |
| Petitioner, | ) |
|  | ) |
| versus | ) |
|  | ) |
| The District of Columbia Public Schools, | ) |
| Home School: not listed, | ) |
| Attending: Rock Creek Academy, | ) |
| Respondent. | ) |
|  | ) |

**IMPARTIAL
DUE PROCESS HEARING**

**CONSENT ORDER**

Request Date:          September 9, 2006
Teleconference Date:   November 8, 2006

Held at:  825 North Capitol Street, NE
          Eighth Floor, Hearing Room 3
          Washington, D.C. 20002

**Parent:**

Toloria Gant
1512 Queen Street, NE
Washington, D.C. 20002

**Counsel for the Parent/Student:**

Douglas Tyrka, Esq.
**Tyrka & Houck, LLC**
1726 Connecticut Avenue, NW   Suite 400
Washington, D.C. 20009

**District of Columbia Public Schools:**

Aaron E. Price, Sr., Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>CONSENT ORDER</u> as a public record.

i

**INDEX of NAMES** for D███ G███

**Hearing Teleconference:** November 8, 2006

Appearing on behalf of DCPS: None.

Appearing on behalf of the parent/student: None.

No testimony was received.

ii

## JURISDICTION

The teleconfernce convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On September 8, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of DCPS of the Hearing Officer's Determination/Decision (HOD) issued in this matter August 7, 2006.

**The Issue herein was did DCPS violate the August 7, 2006 HOD.**

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Tuesday, November 7, 2006 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. At the request of the parties, a teleconference was scheduled for 1:15 P.M., November 7, 2006 in Hearing Room 3.

The hearing officer called the teleconference to order when the parties announced they had settled; further, the parties requested that their terms be incorporated into an ORDER.

Without objection, the hearing officer made the following,

## CONSENT ORDER

1. Within 15 schooldays hereof, DCPS/Rock Creek Academy will convene an MDT meeting at Rock Creek Academy to implement the August 7, 2006 HOD.

2. For the said MDT meeting scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, documentation of the parties will be relied upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE ORDER. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this ORDER.**

Date: _November 9, 2006_

H. St. Clair, Esq., Hearing Officer

Issued: _11/9/06_
Student Hearing Office, DCPS

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*From*

| | | |
|---|---|---|
| *Recipient:* | Quinne Harris-Lindsey |
| *Fax Number:* | 202-442-5098/5097 |
| *From:* | Douglas Tyrka |
| *Regarding:* | D███ G███ |
| *# of pages:* | 4 |
| *Notes:* | Revised Final Settlement Agreement |

*To*

Quinne:

Per our discussion on Friday, December 15, 2006, I have revised this settlement agreement to include a fifteen (15) school day timeline for convening the multidisciplinary team ("MDT") meeting.

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.



DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

December 1, 2006

Douglas Tyrka
Tyrka & Associates, L.L.C.
1726 Connecticut Ave., N.W.
Suite 400
Washington, D.C. 2009

PROPOSED SETTLEMENT/10-Day Letter

VIA FACSIMILE 202/265-4264

Subject: Due Process Hearing for D████ G███
DOB: ███/96
Attending School: Rock Creek Academy

This letter constitutes an offer of settlement for the above-referenced matter.

By your signature below, you agree to the following terms:

In lieu of the formal Due Process Hearing in the above-referenced matter, the request for which was dated November 16, 2006, the parties to this action, District of Columbia Public Schools (hereinafter "DCPS"), and Parent or Parent's representative (hereinafter "Parent") agree to resolve this matter under the terms and conditions set forth herein. The underlying hearing request was received on November 16, 2006, pursuant to the Individuals with Disabilities Education Act of 2004, 20 U.S.C. §§ 1400 et seq.; proposed regulations cited in 34 CFR §§300 et seq.; DCMR §§ 3000 et. seq., as amended by emergency legislation on July 1, 2005. The parties have agreed to the following terms and conditions:

1. Parent represents that the student is a resident of the District of Columbia, has established residency, and has been registered as attending or non-attending at his/her local school. If DCPS becomes aware subsequent to the execution of this Settlement Agreement that residency and/or registration has not been completed and/or established then any obligations undertaken by DCPS pursuant to this Settlement Agreement will be terminated, and DCPS shall retain the right to seek relief for any benefit conferred based upon false representations of residency and/or registration.

2. Parent represents that the student's date of birth is ▮▮▮▮▮▮▮, 1996, that the attending school is Rock Creek Academy.

3. Parent agrees to cooperate fully with DCPS in the implementation of the terms of this Settlement Agreement. Any delay caused by the student, parent, advocate, counsel, or other representative of Parent or the student, as it pertains to testing, meeting, dates, or other compliance with the terms of this Settlement Agreement will toll any deadlines herein by one day for each day of delay. DCPS further retains the right to take necessary action, consistent with IDEA, to ensure the continued delivery of a free appropriate public education for the student to the extent the delivery of such free appropriate public education may be impeded by delay caused by the student, parent, advocate, counsel, or other representative of Parent or the student.

4. To the extent that the action described herein has not occurred, or the relief sought in the Due Process Hearing Request has not been provided, the parties agree to the following: , within fifteen (15) school days *Convene a MDT meeting to develop a compensatory education plan per the terms of the August 7, and November 9, 2006 HODs.*

5. For students or parents represented by counsel, DCPS shall advise counsel of all communications regarding scheduling of meetings/conferences/evaluations conducted pursuant to this Settlement Agreement.

6. The parties agree that execution of this Settlement Agreement will occur when the signatures of Parent and DCPS have been affixed below and undersigned counsel for DCPS has received transmittal of the signed Settlement Agreement. Parent/Court appointed educational advocate reserves the right a hearing if the parties disagree with any compensatory education award.

7. If, for some reason, DCPS is unable to comply with this Settlement Agreement as a result of reasonably unforeseen circumstances, or circumstances beyond its control (e.g., natural disaster or emergency), the parties agree to communicate about extending the deadlines reasonably or to negotiate new timelines, whichever appropriate.

8. Parent agrees to contact the Director of Compliance in the Office of Special Education in the event of a failure to comply with the terms incorporated in this Settlement Agreement in order to provide DCPS a reasonable opportunity to bring the case into compliance prior to Parent initiating further proceedings based on an alleged failure to comply. The parties agree that the method of communication will be by facsimile to (202) 442-5517.

9. This Settlement Agreement is in full satisfaction and settlement of all the claims contained in the pending hearing request, including, but not limited to, all claims that Parent now asserts or could have asserted as of the date of this Settlement Agreement.

10. Parent agrees to accept reasonable attorney fees not to exceed One Thousand ($1,000.00) Dollars, as full and final payment of any attorney fees and related costs incurred, or to be incurred, in this matter.  Payment of the specified amount is contingent upon submission of the following:  a)  a certified invoice conforming to the DCPS attorney fee guidelines and itemizing all costs incurred to date relating to the pending hearing request; and b) signature by the parent below or written authorization by the parent for the attorney to enter into this Settlement Agreement on the parent's behalf.

11. Parent agrees that the hearing request that is the subject of this Settlement Agreement will be withdrawn immediately and that written evidence of such withdrawal must be provided to DCPS before any invoices will be processed for payment pursuant to this Settlement Agreement.

Agreed to: _____    Date:  12/18/06

Quinne Harris-Lindsey, Esquire
Attorney Advisor

I hereby certify that I am authorized to sign this Agreement on behalf of my client, Daquan Gant.

Agreed to: _____    Date:  12/18/06

Douglas Tyrka, Esquire
Counsel for Parent



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Aaron Price, Sr. |
| *Fax Number:* | 202-442-5098 |
| *From:* | Douglas Tyrka |
| *Regarding:* | D█████ G█████ |
| *# of pages:* | 18 |
| *Notes:* | Exhibits for Motion for Reconsideration filed yesterday, April 10, 2007 |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*  Hearing Officer Semour DuBow

*Fax Number:*  202-442-5556

*From:*  Douglas Tyrka

*Regarding:*  D⬛ G⬛

*# of pages:*  18

*Notes:*  Exhibits for Motion for Reconsideration filed yesterday, April 10, 2007

CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘
                           TIME  : 04/11/2007 10:04
                           NAME  : TYRKA & ASSOCIATES
                           FAX   : 2022654264
                           TEL   : 2022654260
                           SER.# : 000A6J693992
```

```
┌───────────────────────────────────────────────────────────────┐
│  DATE,TIME              04/11  09:58                            │
│  FAX NO./NAME           2024425556                              │
│  DURATION               00:05:38                                │
│  PAGE(S)                17                                      │
│  RESULT                 OK                                      │
│  MODE                   STANDARD                                │
│                         ECM                                     │
└───────────────────────────────────────────────────────────────┘
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Hearing Officer Semour DuBow |
| *Fax Number:* | 202-442-5556 |
| *From:* | Douglas Tyrka |
| *Regarding:* | D████ G██ |
| *# of pages:* | 18 |
| *Notes:* | Exhibits for Motion for Reconsideration filed yesterday, April 10, 2007 |

```
┌─────────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT             │
└─────────────────────────────────────────────┘
```

```
                              TIME : 04/11/2007 10:11
                              NAME : TYRKA & ASSOCIATES
                              FAX  : 2022654254
                              TEL  : 2022654260
                              SER.# : 000A6J693992
```

```
DATE,TIME                     04/11  10:05
FAX NO./NAME                  2024425097
DURATION                      00:05:46
PAGE(S)                       17
RESULT                        OK
MODE                          STANDARD
                              ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:**        Aaron Price, Sr.

**Fax Number:**       202-442-5098

**From:**             Douglas Tyrka

**Regarding:**        D▇▇ G▇▇

**# of pages:**       18

**Notes:**            Exhibits for Motion for Reconsideration filed
                      yesterday, April 10, 2007